THERESA R. FEUTI *vs.* MICHAEL FEUTI.

FEBRUARY 16, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This case was heard by a justice of the superior court on a wife's petition for absolute divorce wherein the alleged grounds for divorce were extreme cruelty and neglect to provide on the part of the husband. Also heard was the husband's cross-petition for a divorce from bed and board wherein the alleged grounds were extreme cruelty and gross misbehavior on the part of the petitioner wife. At the conclusion of the hearing the trial justice granted the wife's petition for an absolute divorce on the ground of extreme cruelty and denied and dismissed the husband's cross-petition. The case is in this court on the cross-petitioner's exception to the decision of the trial justice as well as numerous exceptions to the rulings of the trial justice on the admission and exclusion of evidence.

In order to prevail, petitioner was required to establish by affirmative, convincing evidence not only that cross-petitioner had been guilty of the extreme cruelty alleged therein but also that she herself was free from fault. *Lan-*

*non* v. *Lannon,* 86 R. I. 451. It appears from an examination of the transcript that cross-petitioner was attempting to show that petitioner had an illicit sexual relationship with another woman, hereinafter referred to as "Miss R.," and that much of the testimony adduced by him, as well as in his cross-examination of petitioner and her witnesses, was intended to be probative of that conduct on her part and thus negate her allegation of freedom from fault. It also appears therefrom that a substantial part of petitioner's testimony was designed to prove her freedom from fault by refuting the alleged illicit relationship. Most of the evidentiary exceptions being prosecuted here were taken to rulings of the trial justice on the admission and exclusion of such testimony.

A number of exceptions were taken to rulings of the trial justice sustaining objections to questions asked by cross-petitioner during his cross-examination of petitioner and her witnesses. These rulings, according to cross-petitioner, were erroneous in that they improperly restricted the scope of his cross-examination. It is well settled that the scope and extent of cross-examination is largely a matter within the control of the trial justice and his rulings thereon will be reviewed only for abuse of discretion. *Mikaelian* v. *Mikaelian,* 86 R. I. 119, 125; *Morrison* v. *Bitting,* 60 R. I. 325, 333. We are unable to perceive that any of the rulings of the trial justice that were the subject of these exceptions constituted an abuse of discretion. These exceptions are overruled.

Another group of exceptions was taken when the trial justice overruled objections of cross-petitioner to questions that were designed to elicit from petitioner and her witnesses a denial of any improper conduct on her part or of any illicit sexual relationship with Miss R. The cross-petitioner contends that these rulings were error in that the witnesses were thereby permitted to testify as to their conclusions as to the existence of certain ultimate facts.

When the questions involved in these rulings are examined in the context in which they appear in the transcript, it becomes clear that the witnesses, to the extent that they were stating conclusions, were basing those conclusions on their personal observation. This court has long sustained the restrictions which as a general rule are placed upon the admission of opinion evidence. See *Fontaine* v. *Follett,* 51 R. I. 413. However, in *Wilson* v. *New York, N.H. & H. R.R.,* 18 R. I. 598, this court accepted the view that a witness may testify as to conclusions reached upon observation of facts even though he has not been qualified as an expert where the subject matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time and the facts upon which the witness is called to express his opinion are such as men in general are capable of comprehending. To the same effect see *White* v. *Alexion,* 79 R. I. 297. This rule is well stated in *Parker* v. *Hoefer,* 118 Vt. 1, where the court, after saying that generally witnesses are required to state facts and not to give their inferences and opinions therefrom, said that an exception is made that " 'where the facts are of such a character as to be incapable of being presented with their proper force to anyone but the observer himself, so as to enable the triers to draw a correct or intelligent conclusion from them without the aid of the judgment or opinion of the witness who had the benefit of personal observation, he is allowed to a certain extent, to add his conclusion, judgment or opinion.' " These exceptions are without merit.

The cross-petitioner also took several exceptions to rulings under which witnesses were permitted to testify that they had observed nothing immoral in petitioner's relationship with Miss R. Certain other exceptions were taken to rulings excluding testimony offered by cross-petitioner that Miss R. had made statements from which it could reasonably be inferred that she had engaged in acts of sexual per-

version. The cross-petitioner appears to assume that all of these rulings constituted error, a conclusion with which we do not agree. But his contention is, as we understand it, that while standing alone these allegedly erroneous rulings are harmless, when viewed collectively they were clearly prejudicial to his case. We perceive no merit in this contention.

These particular rulings were not made in the course of a jury trial but in a proceeding where the trial justice was sitting as a court of domestic relations without the intervention of a jury. Under the statute prescribing the procedures of a court of domestic relations, the trial justice is given a dual function. He must act judicially to hear and determine questions involving disputed rights, and he also may act in an advisory capacity, seeking to counsel and to reconcile the parties if possible. General laws 1956, §8-2-18 et seq. The trial justice sitting as a court of domestic relations is frequently required to act in each of these capacities in various phases of the same proceeding. For that reason he necessarily must have broad discretion in the matter of admitting or excluding proffered testimony.

In *Adamo* v. *Adamo*, 59 R. I. 6, this court discussed the exercise of this dual function in its relationship to the admission of testimony. At page 9, in discussing the advisory aspect of the judge's function, this court said: "His position as a judge gives him the right to attempt the accomplishment of this highly desirable purpose, but in so doing he is not exercising the judicial power of the state vested in him for the determination of disputed rights. Under these circumstances, he is in the position of a disinterested advisor or conciliator. It is for this reason that he is allowed wide discretion in receiving whatever information he may desire to assist him in his delicate mission, whether such information is legal evidence or not."

However, the court went on to make it clear that when a trial justice sitting as a court of domestic relations acts

in his judicial capacity to determine a disputed right, "he is bound to determine such rights from evidence that is legally competent under well known rules of law." *Adamo v. Adamo, supra,* at page 9. We are constrained then to hold that in a divorce proceeding in view of the wide latitude allowed the trial justice in the admission or exclusion of testimony, reversible error, if any, usually will be found only where the trial justice, acting judicially, determines a disputed right on the basis of evidence that he erroneously admitted or excluded during trial. In the instant case it suffices to say that an examination of the transcript does not reveal that the trial justice, in reaching his decision, relied on any illegal or incompetent evidence or that he would necessarily have reached a different decision on the basis of a consideration of proffered testimony that had been excluded. These exceptions are overruled.

Three exceptions also were taken by cross-petitioner to rulings of the trial justice sustaining objections to questions asked by him for the purpose of impeaching the credibility of Miss R. as a witness. In one such ruling objection was sustained to an inquiry directed to Miss R. in which she was asked if she were the same person who, having been indicted for some offense not specified in the question, had thereafter pleaded nolo contendere to the indictment and been given a deferred sentence. Another such ruling sustained an objection to cross-petitioner's asking another witness whether she knew of Miss R.'s reputation for moral conduct. Still another such ruling sustained objection to the same witness' being asked by cross-petitioner: "Do you know her reputation for truth and veracity in the community?"

Assuming without deciding that it would be error for a trial justice, even when sitting as a court of domestic relations, to exclude testimony that tends directly to impeach the credibility of a witness testifying in the proceeding, we are unable to perceive that in the instant case such error

would be prejudicial. The record here is replete with evidence that fully informed the trial justice of the activities, habits, reputation, and character of Miss R. and casts much light upon the allegations that an illicit relationship existed between petitioner and Miss R. It would be a rare case indeed in which a trial justice would have available more evidence from which the credibility of a witness could be evaluated. In addition he saw and heard her testify. In this circumstance and with such an abundance of relevant evidence, we are constrained to conclude that the evidence offered by cross-petitioner, if admitted, would have had little significance. The error in these rulings, if any, must be held to be harmless, and the exceptions are therefore overruled.

There remains the exception of cross-petitioner to the decision of the trial justice. In considering this exception, we must advert to our well-settled rule that the decision of a trial justice based on conflicting evidence adduced in a divorce proceeding is entitled to great weight and that such decision will not be disturbed by us unless it was clearly wrong, *Boger* v. *Boger*, 87 R. I. 172, 139 A.2d 147, because in such cases the justice presiding at the trial had an opportunity to see and hear the witnesses, to observe the manner in which they testified, and to evaluate therefrom the credibility to which the witnesses were entitled. That we do not have this advantage persuades us to give substantial weight to the decision of the trial justice in such circumstances.

In the instant case there was a sharp conflict in the evidence, particularly in that adduced to prove the petitioner's freedom from fault. In this circumstance credibility became important. The trial justice heard and passed upon this conflicting testimony and in his decision made it abundantly clear that he considered the petitioner and her witnesses to be entirely credible, while he found that the cross-petitioner was not entitled to full credibility. He there-

upon concluded that the petitioner had sustained the burden of showing extreme cruelty and her own freedom from fault, and it does not appear that in so doing he either overlooked or misconceived any material evidence. In such circumstances we cannot say that he was clearly wrong.

All of the cross-petitioner's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner.

*John Quattrocchi, Jr.,* for cross-petitioner.