HENRY CALCI *vs.* CARL BROWN, JR.
CARL BROWN *vs.* HENRY V. CALCI.

DECEMBER 3, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. These are cross actions of trespass on the case for negligence that arose out of a collision between two motor vehicles, one of which was owned and operated by Henry Calci, hereinafter referred to as the appellant, and the other by Carl Brown, hereinafter referred to as the appellee. The cases were tried together to a jury in the superior court, and verdicts were returned in one case for the appellee as the defendant and in the other case in the amount of $7,000 for the appellee as the plaintiff therein. Thereafter the appellant moved for a new trial in each case, and these motions were denied by the trial justice. Each case was brought to this court by a bill of exceptions prosecuted by the appellant.

It appears from uncontradicted evidence that the collision occurred shortly after 8 p.m. on November 8, 1957 at the intersection of Providence street and Alden Drive in the town of West Warwick. It further appears that it was a rainy, windy night and that the highway surface was wet. Just prior to the collision appellee was driving his car in a southerly direction along Providence street, while appellant was driving his car in a northerly direction on that same highway.

There is a sharp conflict in the evidence relating to the circumstances that preceded and were attendant upon the collision. It appears from evidence introduced in his behalf that appellee was driving south along Providence street at a speed of between 25 and 28 miles an hour. Because of the wind and rain the visibility was very poor, but he could see the headlights of a northbound car at a distance he approximated as about one hundred feet. When he had reached a point about twenty to twenty-five feet north of Alden Drive appellant's car made a sudden left turn in the direction of Alden Drive. He saw no directional lights on appellant's car and, according to appellee's testimony, his car hit appellant's car on the right side at the front door.

According to the evidence adduced in appellant's behalf, he was proceeding north along Providence street toward the intersection of Alden Drive, intending to turn left into that highway. When he was about forty feet south of the intersection of Alden Drive, he could see the lights on appellee's car at a distance of approximately 600 to 650 feet. According to his testimony, as he approached the intersection of Alden Drive he activated his directional signal to indicate a left turn and at that time he could see the headlights of appellee's car about 400 to 500 feet away. He then proceeded to turn into Alden Drive at a speed of about 10 miles an hour. As he was making this turn into Alden Drive from Providence street, he heard his wife, who was a passenger in his car, cry out that a car was going to strike them. At that moment he looked to his right and saw appellee's car coming at what he described as a fast rate of speed. He testified that he began to accelerate his speed to avoid the collision but that appellee's car struck his car at the right rear fender. At that time, according to appellant's testimony, the front end of his car was in Alden Drive. The testimony is in conflict as to the distance into Alden Drive appellant's car had come when the collision occurred.

In his status as a defendant appellant presses but one of several exceptions to evidentiary rulings of the trial justice. It appears that appellee, in his status as plaintiff, had testified that during the months of November and December 1957 he had been totally incapacitated for work. The appellant, as defendant, in cross-examining appellee inquired whether at the time of the accident appellee had any "sick leave" coming to him. To this question appellee objected, and the objection was sustained by the trial justice. The appellant then made a purported offer of proof, which was to the effect that the inquiry would elicit an affirmative answer and that, while such evidence was not admissible on the issue of damages, it could properly be admitted for the purpose of discrediting appellee's testimony as to his

inability to work during the two months above referred to. The trial justice continued to sustain the objection and rejected appellant's offer of proof, so called.

It is our opinion that no prejudicial error inhered in the trial justice's rejection of the so-called offer of proof. A trial court may not properly require offers of proof with respect to inquiries made during cross-examination except in some unusual and peculiar circumstance. In the instant case this offer of proof on appellant's part was voluntary and superfluous, and no error inhered in its rejection by the trial court. See *Fahey* v. *Clark,* 125 Conn. 44.

If we assume without deciding that the objection to the question should not have been sustained in view of the purpose for which it was asked as stated by appellant, we still do not perceive error in the trial justice's action. It is well settled that control over the scope of cross-examination is a matter within the reasonable discretion of the trial justice and that it will be reviewed only for an abuse thereof. *York* v. *Ventilato,* 80 R. I. 192. The matter that would have been introduced had the instant question been answered is immaterial and irrelevant on the issue of damages. Had it been admitted, it would have had a tendency to mislead and confuse the jury, and for this reason we hold that no error inhered in the ruling of the trial justice excluding the question.

The appellant, in his status as a defendant, also presses an exception to the denial by the trial justice of his motion for a directed verdict. He contends that the evidence in the record which relates to the operation of appellee's car prior to the accident is conclusive of the contributory negligence of appellee and that the trial justice erred in not directing the verdict on that ground as a matter of law. In so arguing emphasis is placed upon appellee's testimony that just prior to the collision the speed at which he was operating his car was two or three miles an hour in excess of the posted speed limit on Providence street.

In disagreeing with that argument we do not consider it necessary to extend the opinion by a recital of the evidence relating to the question of contributory negligence. It is elementary that the question of a plaintiff's contributory negligence is generally a fact question for a jury. Unless the probative force of such evidence is so conclusive of negligence that it is susceptible of but one reasonable inference, that is, a lack of due care on the plaintiff's part, the issue is for the jury. *Quinn* v. *Poole,* 85 R. I. 280, 285.

An examination of the record with respect to this issue is persuasive that the evidence relating to appellee's operation of his car is susceptible of an inference that he was at that time exercising due care for his own safety. Clearly a jury in a reasonable exercise of its fact-finding power would be warranted in concluding that appellee was in the exercise of due care while so operating his car. In *Kenyon* v. *Murray,* 90 R. I. 423, 159 A.2d 376, we noted that the evidence in cases arising out of automobile collisions is rarely so limited in inferential possibilities as to require a court to find contributory negligence as a matter of law.

In pursuing this argument, appellant contends that the operation by appellee at a speed in excess of the posted limits under the weather and traffic conditions then existing is, by the terms of the statute, made prima facie evidence of operation at an unreasonable speed. G. L. 1956, §31-14-2. He then concludes that appellee's operation being prima facie unreasonable, it was error for the trial court not to hold that in so operating he was negligent per se. The short answer to this contention is that to reach such a conclusion, the trial justice would of necessity have to draw an inference from the evidence that is favorable to the party moving for a directed verdict. Under our well-settled rule that only such inferences may be drawn as are favorable to the nonmoving party, it is clear that the trial justice properly refrained from drawing an inference from the evidence favorable to appellant.

We turn now to a consideration of the exceptions of appellant to the denial of his motion for a new trial in each case. Primarily he argues that the trial justice, in passing upon these motions, did not comply with his obligation to pass upon the credibility of the witnesses and to weigh the evidence in an exercise of his independent judgment thereon. For that reason he contends that the court should not give the decisions of the trial justice on these motions the persuasive force that is usually given such decisions. It is the obligation of a trial justice, when considering a motion for a new trial, to pass upon the evidence in an exercise of his independent judgment both as to the weight thereof and as to the credibility of the witnesses. *Martinelli* v. *Steiner*, 84 R. I. 339.

In the instant case it is argued that while the record reveals a reference by the trial justice to his obligation to so pass upon the weight and credibility, it does not appear therefrom that he did in fact, in an exercise of his independent judgment, weigh the evidence and pass upon the credibility of the witnesses. It is well settled that a trial justice may properly discharge the obligation above referred to without the record showing that he made an exhaustive analysis of the evidence in so doing. His obligation will be held sufficiently discharged if it appears from the record, however briefly, that in an exercise of his independent judgment he did pass upon the weight of the evidence and the credibility of the witnesses. Where it appears that he has so discharged his obligation, his decision will be given substantial persuasive force and will not be disturbed in the absence of a showing that he either overlooked or misconceived some material evidence in the record. *Hulton* v. *Phaneuf,* 85 R. I. 406, 416.

The appellant argues vigorously that the trial justice did overlook and misconceive certain of the material evidence in passing upon these motions. Conceding the pertinence of the contentions so raised, we nevertheless are of the opin-

ion that the comments of the trial justice appearing in the record preclude any reasonable inference that he did not, in an exercise of his independent judgment, pass upon the evidence. It is our conclusion, therefore, that no useful purpose would be served by a discussion of these contentions in detail.

The trial justice made clear his opinion that appellee was a truthful and candid witness and that he testified as to the circumstances surrounding the collision in a forthright manner. He stated also that he had reviewed the testimony and examined his notes and had concluded as a result thereof "that the accident could not have happened in the manner in which Doctor Calci testified * * *." The court then went on to say that the version of appellant as to the operation of the cars was inconsistent with the occurrence of an accident. These comments of the trial justice, in our opinion, are significant of a consideration of the evidence on his part that is sufficient to negative any reasonable inference that he had overlooked or misconceived the evidence which might arise out of a failure to make an express reference thereto in passing upon these motions. In such circumstances we are unable to say that he was clearly wrong in denying appellant's motion for a new trial in each case.

The appellant, as defendant, further argues that the verdict for appellee as plaintiff was grossly excessive. This contention, as we understand it, is directed to that portion of the verdict that appears to reflect compensation to appellee for his pain and suffering. In *Tilley* v. *Mather*, 84 R. I. 499, this court expressly disclaimed recognition of any particular formula or rule of thumb for ascertaining the compensability of pain and suffering in terms of money. At page 502 we said: "It has been our policy to allow the jury substantial latitude in computing the amount to be awarded as damages for pain and suffering and to reduce the jury's verdicts in this respect only when it appears that they are grossly excessive." In that case we noted further that a ver-

dict is to be considered as grossly excessive only when there is a demonstrable disparity between the amount of damages awarded and the pain and suffering shown by the evidence to have been endured as a consequence of the injury.

It would appear from an analysis of the evidence relating to damages that the instant verdict included approximately $3,880 as compensation for the injuries and the pain and suffering endured by the appellee as a consequence of those injuries. It appears further that the appellee sustained injuries to his nose and left knee as well as a number of abrasions and contusions. There is evidence in the record from which the jury could reasonably have inferred that the nose and knee injuries were substantial in degree and painful in nature. It further appears that the appellee was under continuous treatment for these injuries for a period of five months immediately following the accident and that a further period of treatment was necessary late in the year of 1958. When we view this evidence in the light of the rule laid down in *Tilley* v. *Mather, supra,* we are unable to say that there is a demonstrable disparity between the amount thus awarded and the pain and suffering endured by the appellee in view of the evidence.

All of the exceptions of the appellant in each case are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Vincent P. Marcaccio, Jr.* (Calci v. Brown), *William Gerstenblatt* (Brown v. Calci), for appellant Henry Calci.

*Boss, Conlan, Keenan, Bulman & Rice, James C. Bulman, James M. Shannahan* (Calci v. Brown), *James C. Bulman, John S. Brunero* (Brown v. Calci), for appellee Carl Brown.