249 A.2d 654.

STEVEN S. BOMBA, *p.a.* vs. JOSEPH H. DEFALCO, JR.
STEVEN S. BOMBA, *p.a.* vs. URSULA DEFALCO.
BORUCH BOMBA vs. JOSEPH H. DEFALCO, JR.
BORUCH BOMBA vs. URSULA DEFALCO.

FEBRUARY 3, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. These actions of trespass on the case for

negligence[1] were brought to recover damages alleged to have resulted from injuries sustained by the minor plaintiff when struck by a motor vehicle operated by the defendant Joseph H. DeFalco, Jr., hereinafter referred to as defendant, and owned by his mother, the defendant Ursula DeFalco. Trial had before a justice of the superior court sitting with a jury and resulted in a verdict for the defendant in each case. Subsequently, the trial justice granted the plaintiff's motion in each case for a new trial, and from those decisions the defendants are prosecuting the instant appeals.

The record discloses that defendant was operating his motor vehicle in a westerly direction along Auburn Street in the city of Pawtucket and that he had brought his car to a stop opposite 68 Auburn Street for the purpose of dropping off his sister at a friend's home. He was unable to park close to the curb because a number of vehicles were already parked in that area. While his sister was leaving the car, defendant remained stopped to exchange pleasantries with her friends. He then started the vehicle and, having driven some 65 or 70 feet, collided with the minor plaintiff.

The defendant testified that he was watching the road before him. He had seen no children in the vicinity until he saw the minor plaintiff come from in front of a parked car and run into the right front fender of his car. According to defendant, the minor plaintiff bounced off the fender and fell back. He applied his brakes and brought the car to a stop with his right front wheel about five feet beyond the child, who was then lying in the street.

Louis Camire testified in behalf of plaintiffs. He stated that he had been standing on Auburn Street some 100 yards west of the location of defendant's motor vehicle as it stood in front of 68 Auburn Street. He testified that he could see

[1]These suits were instituted prior to January 10, 1966, the effective date of the new rules of civil procedure of the superior court but were tried after such rules had been adopted.

the vehicle coming from behind a parked car. He also saw some children playing on the sidewalk and saw the minor plaintiff come out from between two parked cars and come into contact with the car on the right side near the headlight. He testified that the boy "went flying about five feet" toward the sidewalk. The car, he testified, went a few feet past the boy as he lay in the street before it came to a stop.

The trial justice, in deciding the motions for new trial, said that there were some children playing on the sidewalk to defendant's right when he was parked and, noting the age of the infant and the general circumstances established, held that the infant was not guilty of contributory negligence. He then went on to consider the negligence of defendant, stating that he had charged the jury in the usual manner with respect to the duties of the operator of a motor vehicle particularly to take care where children are playing on the sidewalk where he might anticipate that the small children would dart into the street in front of his car and, therefore, must drive at an appropriately reduced rate of speed.

The trial justice then went on to find: "Children were playing in the street and defendant did not see them. From all the evidence it is clear that the children were there to be seen by an operator keeping a proper lookout. The only conclusion to be drawn is that defendant was not keeping a proper lookout and so did not see the children and so did not drive at an appropriately reduced rate of speed." He then went on to state that he did not give full credibility to the testimony of the witness Camire, saying: "The Court is of the opinion and so finds that Camire could not have seen what he claims to have seen."

When confronted with a motion for new trial, the court is required, in an exercise of its independent judgment, to pass upon the evidence, the weight thereof, and the credi-

bility of the witnesses. *Calci* v. *Brown*, 95 R. I. 216, 186 A.2d 234; *Hulton* v. *Phaneuf*, 85 R. I. 406, 132 A.2d 85. The record here discloses that the trial justice complied with this obligation and in an exercise of his independent judgment passed upon weight and credibility. Where such compliance is disclosed by the record, the decision of the trial justice on the motion will not be disturbed by this court absent a showing that he was clearly wrong in reaching the decision or that he either overlooked or misconceived material evidence on a controlling issue. *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269, 197 A.2d 305.

The defendants urge vigorously, however, that the trial justice was clearly wrong in reaching such decision. In support of this argument, they contend that he misconceived certain evidence bearing on the issue of defendant's negligence. They direct our attention to the trial justice's statement in his decision that "Children were playing in the street and defendant did not see them. From all the evidence it is clear that the children were there to be seen by an operator keeping a proper lookout." We agree with defendants' contention that there is no evidence in the record that any children were "in the street," nor is there any evidence that could be susceptible of a reasonable inference to that effect.

The defendant himself had testified that he had observed no children at all in the area at the time he stopped to discharge his sister and that he did not see any children until the minor plaintiff ran into the right side of his car. Two other witnesses, Camire and Mahan, testified that there were children playing on the sidewalk at the time, but a close examination of the transcript discloses that it is devoid of any testimony that children were "in the street" other than the minor plaintiff at the time he was struck.

When the trial justice by inadvertence misconceived the character of the evidence relating to the presence of chil-

dren in the street at the time of the accident, children who could have been "seen by an operator keeping a proper lookout," he clearly rejected for want of credibility the testimony of defendant that he had observed no children in the area. On the basis of this misconception the trial justice viewed the evidence as establishing the negligence of defendant as a matter of law. An examination of the record, however, fails to reveal any evidence that children were in fact in the street where thy could be observed by an operator keeping a proper lookout. It is our conclusion then that the trial justice did misconceive the character of the evidence referred to above and as a result was clearly wrong in disturbing the verdicts of the jury and ordering a new trial in each case.

In view of the conclusions we thus reach, we are of the opinion that the decision of the trial justice here should not be given the same persuasive force as usually attaches thereto. In such a situation it becomes necessary that we examine for ourselves the transcript of the evidence without the assistance that ordinarily we receive from the trial justice's decision on the motion for new trial. This brings into play our well-established rule that the verdict will stand unless in our judgment, after an examination of the transcript, the evidence strongly preponderates against it. *Daniels* v. *Yanyar*, 80 R. I. 204, 94 A.2d 593; *Audette* v. *New England Transp. Co.*, 71 R. I. 420, 46 A.2d 570.

It is clear from the transcript that the evidence in this case is so balanced that reasonable men could have reached different conclusions from it concerning the negligence of the defendant. In such circumstances we feel that the evidence does not preponderate strongly against the verdicts and that they should stand.

The appeal of the defendant in each case is sustained, and the judgment ordering new trials is reversed.

*Joseph E. Marran, Jr.,* for plaintiffs.

*Gunning & LaFazia, Raymond A. LaFazia, John F. McDonough,* for defendants.