304 A.2d 355.

MANUEL C. MATTOS *vs.* ANTHONY J. PATRIARCA.

MANUEL C. MATTOS *vs.* SAFEWAY BUS CO., INC.

MAY 7, 1973.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. These two civil actions to recover for property damage and personal injuries resulting from the alleged negligence of Safeway Bus Co., Inc. and Anthony J. Patriarca, both defendants, were consolidated for trial in the Superior Court and resulted in a jury verdict for Manuel C. Mattos, the plaintiff, against each defendant in the sum of $8,000. Both defendants have appealed.

The pertinent facts can be briefly stated. On March 30, 1965, Mattos was driving a jeep in an easterly direction along a six-lane divided highway when he was suddenly struck by a vehicle owned and operated by Patriarca. The Patriarca automobile had been proceeding in the opposite direction and had crossed the divider separating the easterly and westerly travel lanes. Within seconds the Mattos' vehicle was again struck; this time in the rear by a Safeway bus which, like the Mattos' vehicle, was traveling in an easterly direction. These collisions gave rise to this litigation.

Safeway assigns four alleged errors as grounds for reversal; Patriarca joins in one of them and presses no others independently. We consider initially those advanced only by Safeway, the first of which concerns mention at trial of the word "insurance" by Safeway's bus driver. He had been called as an adverse witness and was being questioned by plaintiff's counsel about a written accident report he had prepared for his employer on the day of the accident. In an attempt to clarify the witness' apparent confusion concerning that report and another, the trial justice intervened and asked the witness, "Just to make it clear. Was this an I.C.C. report, Mr. Weinstein?" The witness replied, "It was an accident report we have, an application filled out by the insurance company and they ask questions and we fill it out, just what happens[;] we fill out diagrams and everything else." At that point, Safeway's counsel indicated that he had a motion to make, and then,

in the absence of the jury, moved to pass the case substantially on the ground that it had been irremediably prejudiced by the jury's having learned that an insurer, rather than Safeway, would pay whatever damages might be assessed.

The trial justice was unimpressed. In his judgment whatever prejudice might have been occasioned could be corrected by a suitable charge to the jury, and did not require the more drastic remedy of passing the case. What influenced him in reaching that conclusion was that the extraneous statement came from Safeway's agent, that it was "free," "open" and "innocent," and that the jury's knowledge that Safeway was insured would be unlikely to prejudice the case of a corporate defendant like Safeway whose assets, in his opinion, were presumably as substantial as those of its liability carrier.

Although we are not inclined to place as much stress as did the trial justice upon Safeway's presumed ability to satisfy whatever judgment might be rendered against it in this litigation, we nonetheless conclude that in the light of all the circumstances the trial justice did not err in assuming that the prejudicial effects, if any, could be dissipated by a proper cautionary instruction which he clearly indicated he would give at the appropriate time.

Notwithstanding the trial justice's assurance that the jury would be cautioned, he did not thereafter in his charge specifically tell them to disregard the bus driver's accidental reference to insurance. We cannot, of course, tell whether this was an oversight, or whether he believed he was adequately cautioning the jury when, agreeably to Safeway's only request concerning prejudice, he instructed that "prejudice, sympathy and compassion should not be permitted to influence you in the course of your deliberations." Apparently Safeway then considered this sufficient, for rather than objecting to the charge on the ground that

a proper cautionary instruction had not been included, its counsel gratuitously told the trial justice that "the general charge was without exception."

In our judgment Safeway, having unmistakably indicated to the trial justice that his instructions had adequately dispelled any possible prejudice, should not now be permitted to argue that the trial justice erred in failing to be more explicit in his instructions. *See Romano* v. *Caldarone*, 78 R. I. 107, 112-13, 79 A.2d 763, 766 (1951). We arrive at this conclusion without reliance upon Super. R. Civ. P. 51(b) which, if applied, would preclude Safeway from assigning as error the trial justice's failure to instruct, since it was not objected to prior to the retirement of the jury. 1 Kent, *R. I. Civ. Prac.* §51.4 at 377.

Next, Safeway argues, but without citation of authority, that eight evidentiary rulings, each concededly not prejudicial standing alone, have a cumulative harmful effect. While recognizing the possibility that this could be so, *see, e.g., State* v. *Pepper*, 103 R. I. 310, 318, 237 A.2d 330, 335 (1968), we remain unconvinced that it is so in this case.

Safeway also assigns as error the trial justice's refusal to grant its motion for a new trial. It argues that the basic factual issue in the case was whether the bus driver had a reasonable time and opportunity to stop the bus before it reached the place in the highway where the Patriarca and Mattos vehicles collided. On that issue there was conflicting testimony which the jury resolved in plaintiff's favor. In passing on the motion, the trial justice exercised his independent judgment on the evidence material to the issue in the light of his charge to the jury; he also passed on its weight and the credibility of the witnesses; and he then approved the verdict. These were his obligations, and in their performance he did not overlook or misconceive any material evidence. Neither was he otherwise

clearly wrong. Nothing more can be required of him. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836 (1964).

Finally, both defendants argue that the damages awarded were excessive,[1] and that their motions for remittiturs should have been granted or new trials ordered limited to the issue of damages.

The jury awards were for $8,000 of which $1,000 to $1,200 was to make good the damage to plaintiff's jeep, approximately $500 to reimburse him for the wages he lost during the three weeks and one day he was out of work as a result of the injuries sustained in the accident, $235 to compensate him for related medical bills incurred, and the balance of a little more than $6,000 for the pain and suffering which, as a consequence of the injuries, he endured over a period of about nine months.

While the trial justice thought the jury was perhaps more liberal than he would have been had he heard the case alone, he did not feel that the verdicts were grossly excessive and so he let them stand. The defendants have not persuaded us that he erred within the contemplation of the controlling principles referred to in *Fusaro* v. *Naccarato,* 103 R. I. 324, 237 A.2d 545 (1968), and *Calci* v. *Brown,* 95 R. I. 216, 223-24, 186 A.2d 234, 238 (1962).

The defendants' objections in each case are overruled, the judgments appealed from are affirmed and the cases are remitted to the Superior Court for further proceedings.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Doris did not participate.

---

[1]Safeway engages in pure speculation when it contends, in addition, that the jury really intended its award to be $4,000, that they had to find the same sum against both defendants, and that they added the two together with the result that the verdicts were for $8,000 instead of $4,000. That kind of speculation merits no consideration.

*Pucci, Zito & Goldin, Samuel A. Olevson,* for plaintiff.

*John G. Carroll, Edward E. Dillon, Jr.,* for defendant Anthony J. Patriarca.

*Martin M. Zucker,* for defendant Safeway Bus Co., Inc.