324 A.2d 318.

ROGER BOULEY *vs.* GEORGE GIBNEY, JR.

JULY 31, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a civil action to recover damages by the plaintiff, Roger Bouley, as the result of an eye injury sustained while he was assisting the defendant, George Gibney, Jr., in the renovation of the latter's home. The complaint alleged, in substance, that Bouley's injury was caused by a "steel chip" from a hammer supplied by Gibney, which he knew, or in the exercise of due care should have known, was defective. The case was tried to a justice of the Superior Court sitting with a jury, which returned a verdict for the defendant. The plaintiff's subsequent motion for a new trial was denied, and he is now prosecuting an appeal in this court.

It appears from the evidence that plaintiff (Bouley) and defendant (Gibney) are brothers-in-law and on the evening of February 2, 1967, were engaged in remodeling the kitchen and dining area of defendant's home. The plaintiff, a plastering contractor, had agreed to plaster the ceiling at no cost to defendant. On the evening of February 2, defendant was attempting to remove a plaster molding from a wall in a hallway adjacent to the dining area. The

plaintiff at the same time was preparing an archway for the plasterers who would begin work the next day.

The defendant, standing on a ladder, was using a hammer and chisel to remove the molding. As he proceeded with this work, the chisel broke. The plaintiff then loaned him a hatchet, with which he attempted to continue work. However, he had some difficulty in making an effective use of the hammer and hatchet to remove the molding. The plaintiff thereupon took defendant's place on the ladder for the purpose of instructing him in the effective use of the hatchet and hammer. In the course of so doing, he had struck the hatchet with the hammer several times when suddenly he felt a pinch in his right eye. He continued at the work for several minutes and then had to stop because his "eye was getting too watery." He proceeded to examine his eye through the use of a mirror in an attempt to ascertain whether a particle of plaster had lodged therein, but did not see any foreign substance in his eye.

The defendant testified that the hammer had remained in his possession for about a week after the accident and that he had examined it to determine whether it was defective. He stated that he had observed that "[p]art of the hammer head itself had been knocked off, I would say one fifth or one quarter of it." During that week, he said, he had used the hammer to drive some sixpenny nails into some "two-by-four's," and at that time he had not noticed any imperfections in the hammer. The defendant's wife also testified that after the accident she had examined the hammer head and observed that it was "chewed up."

Later on the evening of February 2 plaintiff went to Memorial Hospital, received emergency treatment, and was advised to consult an eye specialist. On the following day he was examined by Dr. Linley C. Happ, an eye specialist, who referred him to the Massachusetts Eye and Ear Infirmary, where he was admitted late that afternoon. There

he was under the care and treatment of Dr. Bernard T. Hutchinson, who testified that X-rays revealed that a radiopaque foreign body had penetrated the right eye and was lodged in the retina near the posterior wall. He further testified that the foreign body could not be visually observed. The record contains no direct evidence concerning the nature and origin of the foreign body. However, Dr. Hutchinson stated that, in his opinion, plaintiff's right eye had developed a condition consistent with a diagnosis of siderosis, which is a condition of the eye resulting from a toxic reaction to iron.

When considering a motion for a new trial, it is the obligation of the trial justice, in an exercise of his independent judgment, to pass on the evidence, the weight thereof, and the credibility of the witnesses. *Bomba* v. *DeFalco,* 105 R. I. 116, 249 A.2d 654 (1969); *Calci* v. *Brown,* 95 R. I. 216, 186 A.2d 234 (1962). The instant record clearly discloses that the trial justice met the requirements of that obligation. Having done that, if he finds that "* * * the evidence is nearly balance, or is such that different minds can naturally and fairly come to different conclusions thereon * * *," the trial justice should approve the verdict, even though he might entertain some doubt as to its correctness. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836 (1964).

In the state of the evidence here the trial justice properly refrained from usurping the factfinding power which is peculiarly within the province of the jury. We have long recognized that in our judicial system the jury has the primary right to exercise the factfinding power, and for that reason the trial justice should refrain from usurping that priority by overturning a verdict where the evidence is open to reasonably different conclusions. *Mazzaro* v. *Narragansett Improvement Co.,* 109 R. I. 244, 283 A.2d 887 (1971).

Here there was no testimony bearing directly on the origin of the object that had lodged in plaintiff's eye.[1] The testimony elicited through Dr. Hutchinson is susceptible of a reasonable inference that the object in plaintiff's eye was iron, but, as the court stated, reasonable men could fairly come to different conclusions as to whether such a chip of iron came from the head of the hammer or from the hatchet. In such a state of the evidence, the trial justice properly declined to disturb the verdict and denied the motion for a new trial.

The plaintiff, in contending that the trial justice erred in denying his motion for a new trial, attaches significance to his failure to discuss or refer in his decision to the evidence adduced at trial through Dr. Hutchinson. As we understand him, plaintiff is seeking to establish error in the decision of the trial justice on his motion on the grounds stated in Labbe v. Hill Brothers, Inc., 97 R. I. 269, 197 A.2d 305 (1964). There we held that the decision of a trial justice on a motion for a new trial, where there was compliance with the duty incumbent upon him to weigh the evidence and credibility, will not be disturbed by this court on review absent a showing that he was clearly wrong in that he either overlooked or misconceived material evidence on a controlling issue.

Approaching this contention directly, it is clear that the test prescribed under Labbe requires that the moving party establish that the court overlooked or misconceived

---

[1] The court charged the jury that to hold the defendant liable, "* * * you must find by a fair preponderance of the evidence (1), that the hammer which is Plaintiff's Exhibit 1 was defective at the time that the defendant gave it to the plaintiff to use; (2), you must find that the defendant knew, or in the exercise of due care should have known that the hammer was defective; (3), that a piece from the hammer in fact flew off and is now in fact lodged in the plaintiff's eye and (4), that the plaintiff was at all times relative to this incident in the exercise of due care for his own safety."

evidence that was material to a controlling issue in the case, that is, evidence probative of one or more of the ultimate facts involved in the case. As we have already noted, the testimony of Dr. Hutchinson was reasonably susceptible of an inference that the material in plaintiff's eye was iron. However, one of the ultimate facts in issue here was whether the chip of iron that was causing the condition that existed in plaintiff's eye came from the hammer head. In short, in our opinion, the testimony of Dr. Hutchinson is without probative force on the question of the origin of the chip of iron, an ultimate fact at issue here, and, therefore, is not evidence of the character contemplated by the rule in *Labbe*.

However, if plaintiff's contention is merely an attempt to persuade us that the trial justice failed to perform the duty imposed upon him when passing on a motion for a new trial in that he did not expressly discuss the testimony of Dr. Hutchinson, we cannot agree. We have never required a trial justice in such a decision on a motion to disclose that he made an exhaustive analysis of the evidence to establish that he performed the duty incumbent upon him. "We do not think that a trial justice should be required to specifically state all of his conclusions on the evidence and the credibility. It is sufficient to satisfy the duty imposed upon him if the record indicates that he has exercised his independent judgment on the evidence and credibility." *Hulton* v. *Phaneuf*, 85 R. I. 406, 416-17, 132 A.2d 85, 91 (1957).

It is to be conceded that in some circumstances a trial justice, in passing on a motion for a new trial, should inform us of the particular evidentiary facts upon which he rested his conclusion in denying or granting the motion. However, it remains our opinion that he may evidence his discharge of the duty incumbent upon him in such circumstances without being required to disclose in his de-

cision that he made an in-depth analysis of all of the testimony adduced in the case. It is our opinion, then, that the trial justice did not err in denying plaintiff's motion for a new trial.

Although the defendant, Gibney, has prosecuted a cross-appeal from the denial of his motion for a directed verdict at the close of all the evidence, we find it unnecessary to reach this issue in light of our disposition of Bouley's appeal.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cross-appeal of the defendant is dismissed pro forma.

*John F. McBurney*, for plaintiff.

*Keenan, Rice, Dolan & Reardon, Leonard A. Kiernan, Jr.*, for defendant.