371 A.2d 269.

EDWARD J. CAPEZZA *et al. vs.* HERTZ EQUIPMENT RENTAL CORPORATION.

MARCH 24, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, J.J.

2

Doris, J. This civil action for damages resulted from a rear end collision involving two motor vehicles which took place in the city of Cranston on November 3, 1971. The case was tried before a jury in Superior Court which returned a verdict for the defendant on June 18, 1974. From judgments subsequently entered, the plaintiffs appeal.

Edward J. Capezza, the driver of one vehicle, and Americo Romano, the passenger in that vehicle, alleged that they were stopped at a traffic light on Oaklawn Avenue in Cranston, when defendant's truck, suddenly smashed into the vehicle which they were occupying. The plaintiffs filed a complaint on December 18, 1971, against the owner of the truck, Hertz Equipment Rental Corporation, in which they alleged they sustained injuries as a result of the collision for which they were seeking damages.

In answer to interrogatories, the operator of defendant's truck stated that he applied his brakes but that the truck failed to stop because of wet road conditions.

The plaintiffs testified in their own behalf and produced various medical witnesses. The defendant's counsel cross-examined plaintiffs and their medical witnesses, but presented no direct evidence. The defendant based its defense on plaintiffs' failure to establish any causation between the accident and their alleged injuries. The defendant relied on inconsistencies and contradictions in plaintiffs' evidence to show that plaintiffs had failed to sustain their burden of proof in establishing causation between the accident and the alleged injuries.

Mr. Capezza claimed that sometime after October 24, 1971, he contracted pneumonia and as a result did not work for a period of time but was about to return to his employment when the accident occurred. He presented no evidence that he had actually been treated for pneumonia nor did he offer any records to show that he had worked steadily up to the time he contracted pneumonia. Medical records revealed that he had been totally disabled since October 21, 1971, for an indefinite period. Mr. Capezza also testified that he was totally incapacitated for work because of the accident from November 3, 1971 to October 14, 1972. However, a medical history taken "from the patient" upon his admission to St. Joseph's Hospital in May of 1972, revealed that there had been no change in Capezza's work or job for the past year, that he had received "a lot" of exercise, and that he had been working daily at the time of his admission. Capezza testified that the history had in fact been given by his wife who was mistaken.

Mr. Romano testified that he was in good physical condition at the time of the accident and that he was taking some time off before returning to work when he was

injured in the accident of November 3, 1971. In sworn interrogatories for a suit in 1969, however, Romano stated that he was permanently injured as a result of a gunshot wound in his leg in 1966. He stated that his earning capacity for the year 1971 was reduced by $1,925 as a result of the gunshot wound. Romano also testified that he was completely recovered from a back injury sustained in 1960, yet his March 1972 hospital record indicated that he had suffered from back problems for at least ten years.

The plaintiffs' motion for a directed verdict on the issue of negligence was denied by the trial justice. The jury returned a verdict for defendant on each of plaintiffs' claims and judgments were entered on June 18, 1974. The plaintiffs' motion for a new trial was denied by the trial justice on September 24, 1974.

The plaintiffs first contend that the trial justice erred when he gave the jury a cautionary instruction on the collateral source rule. The plaintiffs, citing *Bookbinder v. Rotondo,* 109 R. I. 346, 356-57, 285 A.2d 387, 392-93 (1972), maintain that evidence on collateral income is allowed only for the limited purpose of showing that plaintiffs had lost no time from work and that the trial justice erred when he cautioned the jury that he was allowing evidence to be introduced in order to establish "a motive for unnecessarily extending the period of his claimed disability."

Here, the trial justice permitted defendant's counsel to cross-examine both plaintiffs and an attending physician concerning the accident and health policies which each plaintiff carried.

We think that plaintiffs have not correctly interpreted *Bookbinder* v. *Rotondo, supra,* wherein we said:

"It does not follow, however, that the collateral source rule should be an absolute prohibition to the

introduction of evidence that a plaintiff was paid by his employer during the period of alleged disability when such evidence is offered to show that plaintiff was not disabled or was in fact working or *to affect the weight of his testimony that his injury caused his absence from work.*" *Bookbinder* v. *Rotondo, supra* at 357, 285 A.2d at 393. (Emphasis added.)

In this case, the evidence regarding plaintiffs' collateral sources of income was introduced in order to affect the weight of plaintiffs' testimony as they attempted to establish causation between the alleged injuries and the accident of November 3, 1971. The admission of the evidence was properly admitted in accordance with the rule in *Bookbinder.* In addition, plaintiffs' failure to object to the trial justice's cautionary instruction at the time it was given to the jury precludes them from raising the question for the first time on appeal.

The plaintiffs next maintain that the trial justice erred in allowing plaintiffs to be cross-examined on two unrelated accidents in which plaintiffs were involved since they argue that defendant failed to connect either accident with any relevant issue in the case at bar. Here, Capezza claimed to be disabled because of the November 3, 1971 accident but in sworn interrogatories involving a subsequent accident he stated that he was not disabled in any way prior to October 14, 1972.

Romano testified that he was in good physical condition prior to the November 3rd accident yet, on cross-examination, he admitted that in an action involving an earlier accident he claimed to have been permanently injured as a result of a gunshot wound inflicted in 1966. He also admitted claiming a diminished earning capacity of $1,925 during 1971 as a result of the 1966 injury.

Revelant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without evidence. McCormick, *Evidence* §185 at 435 (1972). There is no doubt that evidence relating to plaintiffs' physical capacity during the period of alleged disability is relevant. The evidence of other accidents in which plaintiffs were involved was properly admitted by the trial justice.

The plaintiffs next argue that the trial justice erred in granting defendant's motion to strike the testimony of Dr. Pike when he was attempting to clarify date discrepancies concerning the period of disability on a report by explaining the actions of his office nurse. We agree with the trial justice and find that this testimony was properly excluded. However, we also note that even if it was error to strike this testimony, it was not prejudicial to plaintiffs' case. There was ample evidence presented as to the dates of the disabilities and the cumulative effect of this evidence would not have affected the outcome. *See Amaral* v. *Turner,* 109 R. I. 341, 284 A.2d 883 (1971).

The plaintiffs next argue that the trial justice erred in denying plaintiff's motion for a directed verdict on the issue of negligence. The record indicates that at the close of testimony plaintiffs' counsel addressed the court as follows:

"Each plaintiff moves for a directed verdict [on the] issue of negligence."

The plaintiffs stated no grounds for their motion. It is clearly stated in 1 Kent, *R. I. Civ. Prac.* §50.1 at 370 (1969), "If the court denies a motion for a directed verdict where the grounds for the motion have not been stated, the moving party may not assign the denial as error." *See Jones Truck Lines, Inc.* v. *Argo,* 237 F.2d 649 (8th Cir. 1956). Here, plaintiffs, having stated no grounds in their motion for a directed verdict, have no right to appeal on that issue.

Finally, plaintiffs contend that the trial justice, in denying plaintiffs' motion for a new trial, overlooked and mis-

8.

conceived material evidence. They point out that the only evidence is that presented by plaintiffs and that since defendant offered no direct contradictory testimony of plaintiffs evidence, said evidence stood uncontradicted and was sufficient to establish both injuries and probable cause.

The fact that plaintiffs' testimony is uncontradicted by defendant's direct testimony, however, does not compel acceptance of plaintiffs' positive testimony if that testimony contains inherent improbabilities and contradictions which alone or in connection with other circumstances in evidence affect its credibility. *Gaudette* v. *Carter*, 100 R.I. 259, 214 A.2d 197 (1965); *Jackowitz* v. *Deslauriers*, 91 R. I. 269, 162 A.2d 528 (1960). Here, defendant raised serious doubt about plaintiffs' evidence through cross-examination.

The trial justice is considering a motion for a new trial must consider all of the material evidence of the case in light of his charge to the jury and pass on the weight thereof and the credibility of witnesses. *Bouley* v. *Gibney*, 113 R. I. 522, 324 A.2d 318 (1974); *Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836 (1964). Here, the trial justice, after reviewing the evidence, stated that Capezza's credibility was completely negated by his own testimony and completely rejected his testimony relating to the injuries. He further stated that he found Romano's testimony to be equally unworthy of belief. He concluded that the jury did not believe plaintiffs nor did he. The trial justice in denying the motion for a new trial did not misconceive or overlook material evidence but based his decision on the credibility of witnesses and the weight of the evidence. *See Pimental* v. *D'Allaire*, 114 R. I. 153, 330 A.2d 62 (1975).

The doubt raised on cross-examination in relation to the plaintiffs' evidence was sufficient for reasonable men to disagree on the issue of causation and the motion for a new trial was properly denied by the trial justice.

The plaintiffs' appeal is denied and dismissed, the judgments appealed from are affirmed and the cause is remanded to the Superior Court.

*Vincent A. Ragosta,* for plaintiffs.

*Keenan, Rice, Dolan, Reardon & Kiernan, Leonard A. Kiernan, Jr., James A. Currier,* for defendant.

