Rae A. BARNES

v.

QUALITY BEEF CO., INC. et al.

No. 78–170–Appeal.

Supreme Court of Rhode Island.

Feb. 12, 1981.

Milton Bernstein, Providence, for plaintiff.

Roberts, Carroll, Feldstein & Tucker, Bruce G. Tucker, Providence, for defendants.

## OPINION

MURRAY, Justice.

This appeal results from a jury verdict in favor of the defendants in a case arising out of an automobile collision which occurred on June 13, 1973. There was uncontroverted testimony at trial that the plaintiff Rae A. Barnes was driving her automobile in a northerly direction on Interstate 95 on the morning of the accident. It was raining and the roadway was slick. It is at this point in the factual framework of the case that lines become drawn between the two distinctly different views of what transpired.

Mrs. Barnes and Don Moseley (Moseley), a truck driver who witnessed the collision from his driving position some ten car-lengths behind her, both testified that plaintiff's vehicle was traveling in the far right-hand lane. Both testified that her speed was approximately thirty-five miles per hour. Mrs. Barnes testified that, just prior to the accident, a truck that had been obscuring her forward vision suddenly moved to the left. It was at this point that she saw defendant's truck, which she stated was parked to the right of the roadway, partly in the breakdown lane and partly in her lane. According to plaintiff she looked to her left and saw a tractor-trailer truck passing her in the middle lane of the highway. Thinking that there was enough room to fit through between the truck to her left and the one parked to the right she tapped her brakes to slow down, skidded and hit the rear of defendant's parked truck. Her vehicle rebounded from the collision and struck the rear wheels of the truck passing her on the left. This testimony was substantially corroborated by Moseley, who further agreed with plaintiff that the driver of defendant's truck had neglected to place any warning flags or flares in the roadway.

The driver of defendant's truck, defendant Mark Cromwell (Cromwell), testified that he had pulled his vehicle into the breakdown lane because of a flat tire. He turned on the truck's emergency flashers and sent his partner for help. After waiting approximately ten minutes, Cromwell left the truck in search of his partner. There was conflicting testimony as to whether the truck was parked entirely within the confines of the breakdown lane or extended some two feet into plaintiff's lane of travel. The testimony of Alexander Ravenelle (Ravenelle), the driver of the tractor-trailer truck struck by plaintiff's vehicle after it bounced off defendant's truck, was that just prior to the collision plaintiff's vehicle was passing him to the right at approximately fifty to fifty-five miles per hour. He further testified that she was traveling partly in the breakdown lane, and that defendant's truck was fully within it.

After hearing all the testimony in this case the jury returned a verdict for defendants. A trial justice of the Superior Court entered judgment in favor of defendants, dismissing plaintiff's action. After a hearing on January 31, 1978, the trial justice denied plaintiff's motion for a new trial. The plaintiff then appealed both the judgment and the order denying her motion for a new trial.

It is well settled that the conduct of a trial in the Superior Court is within the sound discretion of the trial justice. *Pucci v. Algiere*, 106 R.I. 411, 428, 261 A.2d 1, 11 (1970); *see Webbier v. Thoroughbred Racing Protective Bureau, Inc.*, 105 R.I. 605, 254 A.2d 285 (1969). Specifically, we have held that the scope and extent of cross-examination is a matter which lies within the discretion of the trial justice. *Procaccianti v. Travelers Ins. Co.*, R.I., 385 A.2d 124, 125 (1978); *Bedrosian v. O'Keefe*, 100 R.I. 331, 333, 215 A.2d 423, 425 (1965); 1 Kent, *R. I. Civ. Prac.* § 43.2 at 344 (1969). His determination will not be overturned absent an abuse of such discretion. *Burns v. Janes*, R.I., 398 A.2d 1125, 1128 (1979); *Dixon v. Royal Cab, Inc.*, R.I., 396 A.2d 930, 934 (1979); *Pansey v. Pansey*, 115 R.I. 97, 102, 340 A.2d 120, 124 (1975); *Calci v. Brown*, 95 R.I. 216, 220, 186 A.2d 234, 236–37 (1962); *Feuti v. Feuti*, 92 R.I. 219, 221, 167 A.2d 757, 758 (1961); *Mikaelian v. Mikaelian*, 86 R.I. 119, 125, 134 A.2d 164, 167 (1957). We find no merit in plaintiff's contention that the trial justice erred in overruling her objection to the following question asked of Mrs. Barnes by defendants: "Mrs. Barnes, would you tell me what facts which have come to your knowledge upon which you rely to support your allegation that Mark Cromwell is guilty of negligence?" Clearly this question calls for facts and not a conclusion of law. In light of this we find no abuse of discretion in the action of the trial justice in overruling plaintiff's objection to this question.

The plaintiff further argues that the court below erred in overruling her objection to the following question asked by defendants in their re-direct examination of Ravenelle: "You said there were no flares or flags in the road, but it would not have made any difference anyway? Why wouldn't it have made any difference anyway?" The trial justice permitted this question and Ravenelle's answer to it after remarking on the examinee's extensive professional driving experience. We have held that a trial justice's ruling on the experiential qualifications of a witness will not be disturbed on appeal absent an abuse of discretion. *Wayne Distributing Co. v. Schweppes U. S. A. Ltd.*, 116 R.I. 108, 114, 352 A.2d 625, 629 (1976); *Redding v. Picard Motor Sales, Inc.*, 102 R.I. 239, 247, 229 A.2d 762, 767 (1967). As to this question we find no such abuse of discretion.

The plaintiff argues next that the trial justice erred in overruling her objection to questions asked by defendants of Steve Caminis (Caminis), news director of WJAR–TV. During the trial defendants inquired of Caminis regarding the whereabouts of the WJAR–TV newsfilm showing the position of the vehicles at the scene of the June 13, 1973 collision. In response to a subpoena *duces tecum*, Caminis testified that he had been unable to locate the newsfilm in question. He further testified over plaintiff's objection that the film had been shown to "various people several times." Because the newsfilm was never introduced into evidence, plaintiff asserts that this was an improper and prejudicial line of inquiry. A similar argument is raised with regard to defendants' statement in closing argument that "We subpoenaed the TV film, and it has been lost. Nobody is sadder about that than I am." As to the questions the trial justice permitted defendants to put to Caminis, we find no abuse of discretion whatsoever. With regard to plaintiff's assertion that defendants' comment in closing argument relative to the missing newsfilm was improper, we note that no objection was raised by plaintiff at trial. Having failed to object to this remark when it was made, plaintiff will not be heard to raise such objection for the first time on appeal to this court. *McGovern v. Lord*, 91 R.I. 392, 397, 162 A.2d 799, 802 (1960); *see Rothschild v. Drake Hotel, Inc.*, 397 F.2d 419, 425 (7th Cir. 1968). Not only did plaintiff fail to object to defense counsel's remark to the jury, but she further neglected to make a motion to pass the case at that point in the trial. Had she done so the trial justice, from his "'front-row seat,'" could have made a determination as to the effect of the allegedly improper statement upon the jury. *State v. Pailin*, 114 R.I. 725, 729, 339 A.2d 253, 255 (1975). *See Belanger v. Silva*,

R.I., 384 A.2d 605 (1978). The record indicates that plaintiff has failed to take any of the steps necessary to preserve her appeal on this issue.

■ One of the remaining claims of error is concerned with the action of the trial justice in sustaining defendants' objection to the following question asked of Ravenelle by plaintiff on re-cross-examination: "You do know, Mr. Ravenelle, that you might still be subject to a third party action by the Quality Beef for contribution in the event of a judgment against them, if they conclude that you did contribute to this accident; you know that, don't you?" The record discloses that substantially similar questions had already been answered by Ravenelle prior to this point. Moreover, this asks the witness for a conclusion on a complex question of law in rather abstruse terms. We, therefore, find that the trial justice did not abuse his discretion in sustaining defendants' objection to this line of questioning by plaintiff.

■ The plaintiff contends that she was prejudiced by the remark made by defense counsel when, in his closing argument, he said, "Remember, Mark Cromwell in that police report—there wasn't one word of criticism of where he put his truck, how he put his truck, or the situation that he had with the lights on. There wasn't one word of criticism by the Providence Police Department." The plaintiff objected to this remark and the trial justice gave a cautionary instruction to the jury at her request. The record indicates that plaintiff made no objection to this instruction and, in fact, has expressed no dissatisfaction with it until this appeal. As we have stated recently the failure to object to the sufficiency of a trial justice's cautionary instruction at the time it is given to the jury precludes plaintiff from raising this issue on appeal. *A. R. Alvernas, Inc. v. Cohen,* R.I., 420 A.2d 78, 81 (1980); *Capezza v. Hertz Equipment Rental Corp.,* 118 R.I. 1, 6, 371 A.2d 269, 272 (1977). *See also Mattos v. Patriarca,* 111 R.I. 475, 477–78, 304 A.2d 355, 357 (1973); *Romano v. Caldarone,* 78 R.I. 107, 112–13, 79 A.2d 763, 766 (1951).

■ The plaintiff next argues that the trial justice erred in his rulings sustaining defendants' objections to various portions of plaintiff's closing argument. The record indicates that defendants' counsel raised numerous objections during plaintiff's argument. The trial justice sustained defendants' argument as to three of these objections. It is a long-standing rule of law that the trial justice sitting in a jury trial may, in the exercise of his sound discretion, limit the scope and extent of counsel's closing argument. *Wrynn v. Downey,* 27 R.I. 454, 467, 63 A. 401, 406 (1906). We find no abuse of the trial justice's discretion as claimed by plaintiff. Although plaintiff argues that she was prejudiced by the numerous objections raised by defense counsel during plaintiff's argument, no motion to pass the case was made at the time on her behalf. Because of this we hold that plaintiff is precluded from arguing as she appears to do that the trial justice erred in failing to pass the case on his own motion. *See Belanger v. Silva,* R.I., 384 A.2d 605, 609 (1978).

■ The plaintiff further claims that the trial justice erred in his instruction to the jury regarding the prima facie case of negligence on the part of plaintiff created by the fact that plaintiff's vehicle struck defendant's truck in the rear. The jury was instructed that

"It is for the jury to decide whether the plaintiff was confronted by an unexpected emergency. It is for the jury to decide whether, if there was an emergency, the plaintiff acted with prudence under the circumstances.

"When a rear end collision is established, a prima facie case of negligence on the part of the motorist in the rear is made out. A prima facie case is a case which will 'suffice until contradicted or overcome by other evidence. A litigating party is said to have a prima facie case when the evidence in his favor is sufficient for his opponent to be called upon to answer. In this case, I instruct you that the fact Mrs. Barnes struck the rear of a

parked motor vehicle creates a prima facie case of negligence on the part of Mrs. Barnes, and it then becomes the obligation of Mrs. Barnes to explain the rear end collision with the parked vehicle to the satisfaction of the jury."

It is well established that a rear-end collision is prima facie evidence of negligence of the driver of the second vehicle. *Nelson v. Grilli,* 117 R.I. 538, 540, 368 A.2d 1234, 1235 (1977), citing *Rachiele v. McGovern,* 107 R.I. 241, 266 A.2d 36 (1970) and *Maklar v. Greene,* 106 R.I. 405, 261 A.2d 15 (1970). Although plaintiff seems to feel that the facts of the instant case call for the relaxation of this established principle of law, she admits to a lack of authority for her position. Indeed, inherent in the rule is the opportunity to explain in such a way as to avoid its effect. This court sees no reason for such a deviation from precedent. Therefore, we find no error in the trial justice's instruction regarding the prima facie case of negligence made out against plaintiff.

█ The plaintiff's final argument on appeal is that the trial justice erred in denying her motion for a new trial. She claims that the trial justice failed to independently review the evidence and weigh the testimony and credibility of the witnesses in the light of his charge to the jury as he is required to do in considering a motion for new trial. *See Puccio v. Diamond Hill Ski Area, Inc.,* R.I., 385 A.2d 650, 657 (1978). In passing on plaintiff's motion for a new trial the trial justice considered the testimony presented by the witnesses, and reflected on its credibility. He accepted some of the testimony and rejected other parts of it. In so doing it is obvious that the trial justice fulfilled his obligations under *Barbato v. Epstein,* 97 R.I. 191, 196 A.2d 836 (1964). Having made an independent appraisal of the testimony the trial justice must then consider whether the case is one upon which reasonable minds could differ. Again, the trial justice met this requirement of our law, and found that reasonable minds could differ as to what the facts in the case were. We find that his analysis was sufficient and that he properly denied

the plaintiff's motion for a new trial. *See Puccio v. Diamond Hill Ski Area, Inc.,* R.I., 385 A.2d 650, 657 (1978); citing *Barbato v. Epstein,* 97 R.I. 191, 196 A.2d 836 (1964).

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.