228 A.2d 537.
ALDO GRAMOLINI *vs.* LOUIS MARZALKOWSKI.
APRIL 12, 1967.
PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This action in assumpsit on book account was commenced in the district court where a decision was rendered for the plaintiff in the amount of $656.41 and costs. The defendant appealed this decision to the superior court where upon motion duly made he was permitted to file a plea in setoff wherein he sought to recover from the plaintiff the sum of $3,113.25 for certain work and labor he performed at the plaintiff's request. At a trial held before a jury in the superior court a verdict was returned for the defendant in the amount of $2,456.84 plus interest and costs. Judgment was entered on the verdict and the case is before us on this action.

The plaintiff testified that the bulk of the money owed him by defendant consisted of unpaid insurance premiums due on policies he sold defendant. The defendant who is a landscaping and excavating contractor based his plea on certain services rendered plaintiff at various real estate enterprises which were being operated by two Rhode Island corporations. The plaintiff was the president of both corporations. The work for which defendant seeks payment was rendered from midsummer 1956 up to and including the early fall of 1957. These services included the excavating of earth preparatory to the pouring of cement foundations for new homes, backfilling and the cutting out of roads.

On November 6, 1957, separate petitions were filed in the superior court which alleged that the corporations with

which plaintiff was associated were insolvent. Acting on these representations, the court appointed a receiver for each corporation.

In disclaiming any personal liability with regard to defendant's counterclaim, plaintiff testified that in these particular dealings with defendant he acted as an officer of the now insolvent corporations. He stated that defendant was aware of this and accordingly he must look to the corporations for payment. As proof of the understanding between him and defendant, he points to the fact that defendant filed a claim with the receiver of one of the corporations.

While defendant does not deny owing the money sought by plaintiff in his suit, in testifying in support of his plea in setoff he denied categorically plaintiff's version of their negotiations. He stated that he was hired by plaintiff. Credit, defendant stated, was extended to plaintiff personally and as proof thereof he said that many payments he received from plaintiff were less than the bill rendered because plaintiff would deduct from the amount set forth in the bill any unpaid insurance premiums due him from defendant. To add emphasis to the business relationship, defendant testified " * * * I wasn't going to work for nobody else but just Gramolini himself * * * because the other guys wasn't paying me for the work." The defendant's wife who acted as the bookkeeper corroborated her husband's testimony in several details. She described how the bills were sent periodically to plaintiff personally. Both defendant and his wife maintained that the reason a claim was filed with the receiver was due to plaintiff's insistence that this was the only way defendant could receive any more money for his work. Although there was reference to the receiver's affidavit wherein he stated he had notified by mail all known creditors to file their claims, defendant and his wife stated that they had received no such notice. The only knowledge they had as to where to file a claim came from plain-

tiff. They pointed out that the address which the receiver in his report attributed to defendant was not his but that of a relative.

The plaintiff, in charging that the verdict did not correspond to the true merits of the controversy, alleges that the jury disregarded the great weight of the evidence. He also contends that the trial justice erred in denying a motion for a directed verdict made in his behalf in this cause. While plaintiff vigorously impugns the jury's action in this cause, we note that he did not file a motion for a new trial in the superior court as was his prerogative under rule 59 of the Rhode Island rules of civil procedure of the superior court. Instead he chose to file his claim of appeal under rule 73 and has come directly to this court. The plaintiff, by his failure to move for a new trial and his relying solely on his objection to the denial of his motion for a directed verdict, has narrowed the scope of our inquiry on his appeal. We have repeatedly held that if a litigant chooses to proceed immediately to this court without first making a motion for a new trial in the superior court and here wishes to test the validity of a jury's verdict, he is foreclosed from our consideration of either the credibility of witnesses or the weight of the evidence. *Foster v. DeAndrade,* 88 R. I. 442, 444; *James v. R. I. Auditorium, Inc.,* 60 R. I. 405, 415; *Dolbashian v. Rhode Island Hospital Trust Co.,* 53 R. I. 462. This has been a guiding principle in this court over the years and we see no present reason to abandon it.

It follows that the only objection properly before us is plaintiff's contention that the trial justice erred in his denial of his motion for a directed verdict. In this regard the only issue raised in the instant case is whether defendant, in performing the work, extended credit to plaintiff personally or to corporations of which he was an officer. The evidence, as one can readily see, was in direct conflict.

It is the well-established rule when passing upon a motion for a directed verdict that the trial justice must view the evidence in the light most favorable to the party against whom the motion is made with all favorable inferences therefrom being made in such party's favor. He does not weigh the evidence or pass upon the credibility of the witnesses. If there is any evidence whatsoever to support such a party, the trial justice is required under our decisions to submit the case to the jury. *Morrarty* v. *Reali,* 100 R. I. 689, 219 A.2d 404; *Gaudette* v. *Carter,* 100 R. I. 259, 214 A.2d 197; *Wilcox* v. *Henderson,* 90 R. I. 472. The action of the superior court in denying the instant motion for a directed verdict was amply justified.

The judgment appealed from is affirmed.

*Di Spirito and Lind, Frank O. Lind, Jr.,* for plaintiff (appellant).

*Harold H. Winsten,* for defendant (appellee).