320 A.2d 609.

BROWN UNIVERSITY *vs.* JOSEPHINE LAUDATI.

JUNE 11, 1974.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

PAOLINO, J. This is a civil action to recover the balance due on a promissory note endorsed and guaranteed by the defendant. The case was heard before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff in the sum of $1,788.40. The cause is before this court on the defendant's appeal from the judgment entered on the verdict.[1]

The facts are relatively simple. On February 14, 1963, defendant's daughter Ruth signed a promissory note to Brown University under the National Defense Student Loan Program and defendant endorsed it and guaranteed full payment. Dean Gretchen Tonks, the officer in charge of the financial aid program at Pembroke College when this note was executed, testified that she explained the financial aid program to defendant and told her that if her daughter did not pay the note, defendant would be responsible for payment. Dean Tonks denied that she ever told defendant that she would not be liable under her guarantee after her daughter became twenty-one. The defendant testified that she never read the note or guarantee and that Dean Tonks told her that after her daughter became twenty-one defendant would not be responsible for the note.

---

[1]The defendant was represented by counsel during the proceedings in the Superior Court. After he filed a notice of appeal on defendant's behalf, counsel filed a motion to withdraw as defendant's counsel. The Superior Court granted his motion. In this court defendant filed a pro se brief and argued her own appeal.

The defendant's first assignment of error is that, in his charge to the jury, the trial justice said, "You are to find Mrs. Laudati guilty in the case." There is nothing anywhere in the transcript which even remotely supports defendant's unfounded assertion that the trial justice directed the jury to find her guilty. In fact, the transcript shows that he very carefully charged that factfinding was exclusively the jury's duty and responsiblity, and not that of the court or counsel, and that it was their duty to guard zealously against any usurpation of that function. The defendant's claim that the alleged instruction is missing and deleted is so wanting in merit as to require no further discussion.

The defendant's next contention, as we understand her brief and oral argument, is that the evidence was not sufficient to support the jury's verdict that she was bound by her endorsement and guarantee of her daughter's promissory note of February 14, 1963, notwithstanding her claim that she had been induced to guarantee said note through Dean Tonks' misrepresentation. In thus challenging the jury's verdict, she is asking this court to pass on credibility of testimony and weight of the evidence. This we cannot do here because of her failure to file a motion for a new trial. The plaintiff filed a claim of appeal and came directly to this court. Under our cases, where a party fails to file a motion for a new trial after a jury verdict and then challenges the validity of the verdict by a claim of appeal therefrom directly to this court, we do not pass on credibility of the testimony or the weight of the evidence. *Gramolini* v. *Marzalkowski*, 102 R. I. 85, 88, 228 A.2d 537, 538 (1967).

Parenthetically, in the case at bar, there is competent evidence, which if believed, supports the jury's verdict. Dean Tonks' testimony that defendant had endorsed and guaranteed the note signed by her daughter is uncontradicted. The only disputed issue of fact is defendant's claim that Dean Tonks, plaintiff's agent, had misrepresented to

302

her the legal effect of the endorsement and guarantee she signed. The defendant had the burden, as the trial justice charged, to establish such a defense of misrepresentation by clear and convincing evidence. *Dante State Bank* v. *Calenda*, 56 R. I. 68, 83, 183 A. 873, 880 (1936). It is obvious that the jury accepted Dean Tonks' version of what happened and rejected defendant's recollection of the events surrounding her endorsement and guarantee of the note in question. On this record we cannot fault the jury's verdict.

We come, finally, to the defendant's contention that the plaintiff should have proceeded against the defendant's daughter before suing the defendant. The trial justice had instructed the jury that the plaintiff was not required to bring legal action against the defendant's daughter prior to proceeding against the defendant. This instruction was correct. General Laws 1956 (1969 Reenactment) §6A-3-416(1). *See Snow* v. *Horgan*, 18 R. I. 289 (1893). Section 6A-3-416(1) of the Uniform Commercial Code provides that:

> " 'Payment guaranteed' or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor *without resort by the holder to any other party*." (emphasis added)

The defendant's contention that the plaintiff should have proceeded against the defendant's daughter first is clearly without merit.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings.

Mr. Justice Joslin did not participate.

*Tillinghast, Collins & Graham, Peter J. McGinn*, for plaintiff.

*Josephine Laudati*, defendant, pro se.