324 A.2d 624.

MILLER ENTERPRISES INC., *et al. vs.* NARRAGANSETT REDEVELOPMENT AGENCY.

AUGUST 13, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is an appeal by the plaintiffs from a judgment entered upon a petition for damages pursuant

to G. L. 1956 (1970 Reenactment) §45-32-34.[1] On February 17, 1971, the Narragansett Redevelopment Agency condemned the plaintiffs' property which was located in the town of Narragansett, and which consisted of a lot of land with a building thereon which was used as a motion picture theater and is commonly known as the "Casino Theatre Lot."

It was agreed by the parties and incorporated into the pretrial order that fair market value in the instant case could not be determined by use of comparable sales, and

---

[1]General Laws 1956 (1970 Reenactment) §45-32-34 reads as follows:

"45-32-34. Trial by court on damages.—Any owner of or persons entitled to any estate or interest in any part of the real property, and who cannot agree with said agency for the price of the real property, or estate or interest therein, so taken, may, within three (3) months after notice of said taking, or, if he has no notice, may within one (1) year from the first publication of the copy of such resolution and declaration referred to in this chapter, apply by petition to the superior court in and for the county in which such real property lies, setting forth the taking of his real property or estate or interest therein, and praying for an assessment of damages. Upon filing of such petition, the said court shall cause twenty (20) days' notice of the pendency thereof to be given to such agency by serving a resident attorney of the agency with a certified copy thereof, and may proceed after such notice to the trial thereof. Petitions brought under this section shall be tried by a jury, if claimed in writing by any party within the aforementioned twenty (20) day period. Such trial shall determine all questions of fact relating to the value of such real property and any estate or interest therein and the amount thereof. Upon the entry of judgment in such proceeding, execution shall be issued against the money so deposited in court and in default thereof against any other property of said agency. In case two (2) or more conflicting petitioners make claim to the same real property, or to any estate or interest therein, or to different estates or interests in the same real property, said court upon motion may consolidate their several petitions for trial at the same time and may frame all necessary issues for the trial thereof. All proceedings taken pursuant to the provisions of this chapter shall take precedence over all civil matters pending before said court, or if the superior court in and for the county in which such real property lies be not in session in such county, then the same may be heard in the superior court for the counties of Providence and Bristol."

that the appropriate method of valuation to be employed by all of the expert witnesses, was cost of reproduction less depreciation, plus the value of the land. The pretrial order also made reference to the legal question of whether certain items of equipment and other property in the theater might be shown to be fixtures and therefore part of the real estate, subject also to valuation by the cost of reproduction less depreciation method.

Pursuant to this method of determining fair market value, each party offered a duly qualified contractor to testify as to the cost of reproduction and physical depreciation. The plaintiffs offered two real estate experts to testify with respect to the fair market value of the land and building as reproduced and depreciated, and defendant offered one real estate expert for such purpose. The defendant also offered an auctioneer and a motion picture theater operator to give testimony with respect to the secondhand value of certain of the equipment which plaintiffs argued were fixtures. The only other witness was one of plaintiffs, Margaret D. Miller, who gave a general description of the real estate.

During the examination of plaintiffs' construction witness, John J. Hoey, the issue arose by way of defendant's objection whether or not the subject building included certain items which were fixtures. In the absence of the jury, there was extended argument as to whether certain items in the subject theater should be characterized as fixtures or personalty. The defendant conceded that the carpeting in the theater was a fixture and, therefore, part of the real estate. The defendant also subsequently stipulated that the acoustical wall board was a fixture. It was stipulated that the principal items in dispute were the motion picture screen, the motion picture projectors, and the seats. Following argument, the trial justice ruled that whether or not the contested items were fixtures were

questions of fact for the jury, and, therefore, he allowed into evidence value of the disputed items as fixtures or realty and as personalty.

The plaintiffs' expert witness, John J. Hoey, testified that during February of 1971, the month of condemnation, he made a physical examination of the building on the subject property to determine its reproduction cost, and that he was personally familiar with the premises because he had previously performed construction work upon them. Mr. Hoey described the process by which he estimated the cost of reproduction of the building, including the obtaining of bids from subcontractors for all items which were part of the real estate. He then detailed his estimate of reproduction cost for all items in the structure, including the items which plaintiffs contended were fixtures. Mr. Hoey then proceeded to detail and explain the items of physical depreciation which he employed in his estimate. He testified that the value of the subject property, including the screen, projectors and seats as fixtures, based on a net reproduction cost less depreciation valuation, was $171,421.

Mr. Paul W. Carter and Mr. Ralph A. Pari, duly qualified real estate experts, each testified for plaintiffs that the value of the land, based on a comparable sales method of valuation, was $9,939 and $9,400, respectively. They also gave their opinion of the deductions from the reproduction cost less physical depreciation for the functional obsolescence of the projection booth, seats, and balcony. With the land values as determined by comparable sales, the reproduction cost less physical depreciation as testified to by the contractor, Mr. Hoey, and additional adjustments for functional obsolescence, Mr. Carter gave his opinion of the fair market value of the subject property as $148,667, and Mr. Pari gave his opinion of the fair market value as $146,571.

The plaintiffs also presented evidence as to the integration of the screen, projectors, and seats into the subject theater building. One of the plaintiffs, Mrs. Miller, described how the screen had been structurally built into the building. Mr. Hoey described the manner of affixation to the building of the projectors and the seats and the wiring necessary to incorporate the projectors and the screen into the electrical system of the building. Mr. Pari testified that the screen, the seats, and the projectors were parts of the building integral to its utility as a theater.

John R. Wahlberg, Jr., duly qualified as an expert construction witness, testified for defendant. He described the methods he used in estimating reproduction cost and detailed his cost figures for the items he included in the reproduction of the building. He then itemized the physical depreciation of the items he had included in the reproduction cost of the building. He testified that a net figure of reproduction cost minus depreciation was $30,834. Mr. Wahlberg conceded that several parts of the building which he examined were not considered at all in his reproduction cost estimate. Included among these parts were the screen, the projectors, and the seats. Mr. Wahlberg had also excluded from his estimate the acoustical material on the walls, the snack bar in the lobby, the carpeting, and that portion of the electrical work which related to integrating the screen and the projectors.

Mr. Peter A. Laudati, defendant's duly qualified real estate expert, stating that he did not make adjustments for functional obsolescence or economic depreciation, testified that the fair market value of the subject land was $9,500, and that the fair market value of the subject property, based on Mr. Wahlberg's opinion of $30,834, was approximately $40,500.

The defendant then presented two witnesses, Harvey B. Slater and Irving Shechtman, to testify as to the second-

hand value of the seats and the projection equipment. Over objection by plaintiffs, these witnesses were permitted to testify as to the resale value of the projection equipment and the seats.

In submitting the case to the jury, the trial justice submitted three specific written interrogatories pursuant to Super. R. Civ. P. 49(b),[2] which requested the jury's findings as to whether the seats, the screen, and the projectors were real estate. The jury returned a verdict in the sum of $68,115, and found that the seats, the screen, and the projectors were all part of the real estate. The plaintiffs seasonably prosecuted an appeal from the judgment entered, which appeal is now before this court.

The plaintiffs first contend that the trial justice erred in allowing into evidence the testimony of Mr. Slater and Mr. Shechtman as to the value of the projectors, screen, and seats as personal property because the jury found that these items were part of the real estate and could only be valued on the basis of reproduction less depreciation.

The plaintiffs ignore the sequence of events at the trial. First, the trial justice in effect ruled that whether or not these items were realty or personalty was a question of

---

[2]Rule 49(b) reads as follows:

"General Verdict Accompanied by Answer to Interrogatories. The court may submit to the jury, together with instructions for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The issues to be submitted to the jury shall be settled by the court before the commencement of closing arguments. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When the answers are inconsistent with each other or one or more is inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial."

fact for the jury. Then he allowed Mr. Slater and Mr. Shechtman to give their opinions of the value of these items as personalty. Finally, the jury found that these items were realty and presumably valued them as part of the real estate. The trial justice's decision to allow defendant's experts to give their opinion on the value of these items as personalty was consistent with his ruling that whether or not these items were fixtures or part of the real estate was a question of fact for the jury to decide. If the jury had decided that the items were personalty, then presumably they would have considered defendant's experts' testimony to determine a value for these items. We do not decide whether or not the determination that these items were personalty or realty was a question of law for the trial justice or a question of fact for the jury because plaintiffs, although they argued to the trial justice that these items were fixtures as a matter of law, did not object to the trial justice's ruling that it was a question of fact for the jury or to the trial justice's instruction to the jury that it was for them to decide whether the items were realty or personalty, nor did they request an instruction to the jury that these items were fixtures as a matter of law. And in their brief, plaintiffs concede that whatever error the trial justice may have made was rendered harmless by the jury's finding that the items were realty, although we do not necessarily agree with that reasoning.

The plaintiffs next contend that the trial justice erred in allowing defendant's expert, Mr. Wahlberg, to testify as to the value of the building based on his opinion of the reproduction cost less depreciation which was incomplete in that it did not completely reproduce the building.

The plaintiffs made no objection to the testimony of Mr. Wahlberg on the grounds that his opinion was incomplete. Rather, plaintiffs in cross-examination of Mr. Wahlberg brought out the exclusion of the acoustical wall-

board, carpeting, snack bar, seats, screen and projectors in his opinion of the reproduction cost of the building. At that time, plaintiffs made no motion to strike his testimony for this reason. Even if they had done so and the motion had been denied, there would be no error, as defendant's theory was that these items were not fixtures but personalty and they were valued on this basis by witnesses of defendant.

The plaintiffs next argue that the trial justice erred in failing to strike the testimony of defendant's real estate expert, Mr. Peter Laudati, after Mr. Laudati stated that his opinion as to the fair market value of the property based on the reproduction minus depreciation method was not in fact his opinion of the fair market value of the property.

The accepted procedure for proof of fair market value of a piece of property based on reproduction cost less depreciation is for a construction expert to present evidence of the cost of reproduction less physical depreciation, which a real estate expert then uses in combination with land values and functional obsolescence, if any, to arrive at an opinion of the total fair market value of the property. *Travellers Building Ass'n, Inc. v. Providence Redevelopment Agency*, 106 R. I. 83, 256 A.2d 5 (1969); *Trustees of Grace & Hope Mission, Inc. v. Providence Redevelopment Agency*, 100 R. I. 537, 217 A.2d 476 (1966). After Mr. Wahlberg gave his opinion that the reproduction cost less depreciation value of the building was $30,834, Mr. Laudati testified that the fair market value of the land itself was approximately $9,500 which, together with Mr. Wahlberg's opinion, amounted to a total fair market value of the subject property of approximately $40,500. Mr. Laudati then went on to testify that, in his opinion, the best method of arriving at a fair market value of a building of this type was an income approach method.

As he started to detail his opinion of the fair market value of the subject property based on the income approach method, plaintiffs objected on the ground that the pretrial order stipulated that the property was to be valued by the reproduction cost minus depreciation method. At this point, the trial justice and Mr. Laudati had the following colloquy:

> "THE COURT: And if we get into the income approach, that's a different ball game, isn't it, Mr. Laudati?

> "THE WITNESS: Not really. My result is a lot higher, your Honor.

> "THE COURT: Well, I'm not concerned about whether your result is higher or lower.

> "THE WITNESS: Then I'm left with the conclusion that I don't think is the fair market value of the property."

The plaintiffs continued to object, and the trial justice sustained the objection on the ground that the pretrial order controlled. The trial justice was clearly correct in sustaining plaintiffs' objection. Mr. Laudati's opinion of the best method to value the subject property was without relevance. However, this does not mean that Mr. Laudati's testimony on the fair market value based on a reproduction cost minus depreciation approach should have been stricken, as it was based on the method of valuation agreed on by the parties and stipulated in the pretrial order.

The plaintiffs finally contend that the trial justice erred in denying plaintiffs' motion for a new trial by employing a legally incorrect method for measuring the value of the projectors, screens and seats in that he held that it made no difference for purposes of determining the value of fixtures which are part of the real estate whether the

fixtures be valued as personal property or valued on a reproduction cost minus depreciation basis.

In deciding plaintiffs' motion for a new trial, the trial justice stated:

"Now, the petitioner-plaintiff here argues that he was giving the value as personalty. And, therefore, it didn't apply to its value as fixtures. And, therefore, the jury couldn't really consider it. I say, of course they could. Whether somebody views it as fixtures and takes a new price and depreciates it, or whether they view it as personalty and set the value, doesn't render the latter incompetent to give an opinion as to its value. * * * It seems to me that they could and should pay a lot of attention to what Mr. Slater had to say. And he said he valued it at a minimum of $2,000 and a maximum of $2,500 on all that equipment. And he said this is the value on sale. He said it can be used again. But he said it's really salvage, meaning that who'd buy it, you know. And by the same token the jury could draw the inference that you can't go on like time and the river and stay there, last forever. So it seems to me the jury had a right here to take the testimony from both sides, as I always instruct them to do, and add it up that way."

Even if we assume that the trial justice by that statement may have been clearly wrong, this assumption does not ipso facto entitle plaintiffs to a new trial. Instead, it calls for us to apply the appellate rule which says a new trial is in order only if our own independent examination of the record fails to disclose any competent evidence which, if believed, would support the jury's verdict. *Lamont* v. *Central Real Estate Co.*, 110 R. I. 438, 294 A.2d 195 (1972); *D'Andrea* v. *Sears, Roebuck & Co.*, 109 R. I. 479, 287 A.2d 629 (1972).

The jury had before it the testimony of the plaintiffs' expert that the value of the building was $171,421. Included in this figure were those items conceded by the agency to be fixtures, namely the acoustical wall covering,

snack bar and carpeting at a value of $11,724, and those items disputed by the agency but found by the jury to be fixtures, namely the projectors, seats and screen, at a value of $35,265, for a total value of $46,989 based on reproduction cost minus depreciation. The defendant's expert valued the building at $30,834 on a reproduction minus depreciation basis, but did not include any of the fixtures in his valuation. The evidence from the defendant on the value of the fixtures was the testimony of Mr. Slater and Mr. Shechtman. Mr. Slater, stating that his opinion was the same whether the items were viewed as personalty or realty, placed a value on the projection equipment of from $2000 to $2500. Mr. Shechtman testified that there were 423 seats on which he placed a value of $3 - $4 each when viewed as personalty or a value of $10 each when viewed as realty. We agree with the plaintiffs that the jury, having found the items were realty, could not consider the testimony of these witnesses as it related to the value of the items viewed as personalty, but they were free to consider the testimony of the witnesses as to the items valued as realty. Neither was the jury bound to accept the value placed on the fixtures by the plaintiffs' expert. The jury was free to give the testimony of the expert witnesses such credibility and weight as they so determined. The plaintiffs have failed to persuade us that the jury's award of damages was based on the testimony of defendant's experts as to the value of the fixtures as personalty, and there was competent evidence on the record from which the jury could determine the value of the fixtures as realty. In our opinion the evidence is sufficient to support the jury's verdict. The denial of the motion for a new trial is affirmed.

630

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*William F. McMahon,* for plaintiffs.

*Marvin A. Brill, John E. Graham III,* for defendant.