403 2d 668.

HARRY HOFFMAN *vs.* MARVIN SACHS.

JULY 12, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J.   These are two civil actions for breach of contract. In one, Marvin Sachs is the plaintiff and Harry Hoffman is the defendant; in the other, the parties are reversed. The actions were consolidated for trial in the Fifth Division District Court. Sachs recovered a money judgment in the former suit and was awarded costs in the latter. Hoffman appealed to the Superior Court in both cases. The cases were again consolidated, jury trials were claimed, and the jury returned a verdict for Hoffman of $3,758 in the case brought by him and for costs in the case brought against him. Judgments entered and Sachs appealed. His argument on appeal is that the trial justice erred in refusing to instruct the jury as requested and in denying his motion for a new trial or a remittitur in the case in which Hoffman was awarded money damages and for a new trial in the case in which Hoffman recovered costs.

The cases have their origin in early 1971 when Sachs became the owner of a stable of race horses. He turned over several of horses to Hoffman, a licensed horse trainer, for care and training. They did not reduce their several agreements to writing. In dispute at the jury trial were the duration of those agreements, and the questions of whether Sachs had paid Hoffman the agreed-upon price for his services and whether Hoffman, in acknowledging payment for a part of those services, had endorsed a check bearing the legend "paid in full." Also at issue were an alleged agreement whereby Hoffman was to deliver to Sachs a brood mare worth $1,000, and the issue of whether Hoffman had made unauthorized charges to Sachs' account at a store selling equestrian equipment and supplies. The jury resolved the evidentiary conflicts in Hoffman's favor.

On appeal, Sachs' first claim of error is that the trial justice failed to include in his instructions to the jury ten of the

seventeen requested instructions he had submitted in writing. The procedural block Sachs encounters to our considering this contention is that Super R. Civ. P. 51(b)[1] precludes a party from assigning as error the giving of an erroneous instruction or the failure to give a requested instruction unless he lodges an objection thereto on the record before the jury retires to consider its verdict and unless the objection is sufficiently specific to bring into focus the precise nature of the alleged error. *Seabra* v. *Puritan Life Insurance Co.*, 117 R.I. 488, 503, 369 A.2d 652, 661 (1977); *Allen* v. *D'Ercole Construction Co.*, 104 R.I. 362, 371-72, 244 A.2d 864, 870 (1968); *see Smith Development Corp.* v. *Bilow Enterprises, Inc.*, 112 R.I. 203, 211, 308 A.2d 477, 481-82 (1973).

In this case, Sachs' objection to the trial justice's failure to instruct fell short of both requisites. Instead of being made before the jury retired, it was not made until after the verdicts were returned and after the trial justice' denial of Sachs' motions for new trials. Furthermore, the objection, rather than distinctly stating specific grounds therefor, consisted only of the statement that "we would respectfully take exception to Your Honor's failure to charge" as requested. In view of the untimeliness and insufficient nature of Sachs' objection to the trial justice's failure to charge as requested, his assignment of error presents nothing for us to review.

Sachs also argues that the trial justice's denial of his motions for a new trial or a remittitur in the case in which Hoffman was the plaintiff and for a new trial in the case defended by Hoffman was based upon a misconception of the material evidence in the cases. If one assumes that he is correct and that the trial justice did not properly perform the

[1]Super. R. Civ. P. 51(b) provides in pertinent part:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

duties mandated by *Barbato* v. *Epstein*, 97 R.I. 191, 193-94, 196 A.2d 836, 837 (1964) in deciding the new trial motions, that failure without more does not entitle Sachs to new trials. Instead, it deprives the trial justice's decision on those motions of the great weight to which they otherwise would be entitled and requires us to apply the appellate rule in passing on whether new trials are in order. *Miller Enterprises Inc.* v. *Narragansett Redevelopment Agency*, 113 R.I. 618, 628, 324 A.2d 624, 630 (1974); *D'Andrea* v. *Sears, Roebuck & Co.*, 109 R.I. 479, 485, 287 A.2d 629, 632 (1972). Under that rule, we independently review the record on appeal in order to ascertain whether it contains any competent evidence that, if believed, supports the jury's verdict. *Id.* at 485, 287 A.2d at 632.

We have made that review of the record in this case and have found such evidence. We are, therefore, precluded from interfering with the verdicts on the grounds urged. *Morinville* v. *Morinville*, 116 R.I. 507, 516, 359 A.2d 48, 54 (1976); *State* v. *Contreras*, 105 R.I. 523, 531-32, 253 A.2d 612, 617-18 (1969).

In each case, Sachs' appeal is denied and dismissed, the judgments appealed from are affirmed, and both cases are remitted to the Superior Court.

*John McBurney*, for plaintiff.

*Richard Ciccone*, for respondent.