A. R. ALVERNAS, INC.

v.

Earle F. COHEN.

No. 78–53–Appeal.

Supreme Court of Rhode Island.

Oct. 2, 1980.

Sheffield & Harvey, Brian G. Bardorf, Newport, for plaintiff.

Smith & Smith Inc., Z. Hershel Smith, Providence, for defendant.

## OPINION

MURRAY, Justice.

The defendant Earle F. Cohen (Cohen) appeals from a Superior Court judgment entered after a jury awarded damages to the plaintiff in connection with repair work that the plaintiff had performed on premises owned by the defendant. He claims that the award was excessive in light of the evidence and that in several instances the trial justice incorrectly instructed the jury.

A. R. Alvernas, Inc. (Alvernas), a general contracting company, instituted proceedings in the Second Division District Court. It alleged that Cohen, who owned the Viking Hotel in Newport, owed it $1,917.33 for the value of labor and materials rendered while repairing the hotel. A default judgment was subsequently entered against Cohen when he failed to answer the complaint. Several months later, however, a District Court judge granted Cohen's motion to vacate the default judgment. After a trial in the District Court, a judgment for $1,723.33 was entered in favor of Alvernas. Cohen filed an appeal to the Superior Court and a trial *de novo* ensued.

The Superior Court record indicates the following pertinent facts. In late May

1976, Edmund P. Pinto, Jr. (Pinto), the maintenance supervisor at the Viking Hotel, approached Joseph R. Alvernas, the owner of A. R. Alvernas, Inc. Pinto sought to have Alvernas perform some plastering and caulking work at the hotel, which had been closed, in preparation for its reopening planned for the Memorial Day weekend. He met with Pinto at the hotel on May 25 to survey the work that needed to be done. Consequently, Alvernas and Pinto, who was acting on behalf of Cohen, entered into an oral agreement in which Alvernas agreed to do the repair work. Under the terms of the agreement, Alvernas would bill Cohen for all labor costs on a "straight time" basis at the rate of $12 per hour for three of its workers and at the rate of $8 per hour for two other workers.

Alvernas began the repair work at the hotel the following day. After completing an initial phase of the work, Alvernas submitted a bill to Cohen in the amount of $816, followed a few days later by another bill for $537.33, which covered the final phase. Alvernas's charges for the labor and materials it had provided totaled $1,353.33.

Cohen paid Alvernas's initial bill; but after examining the bill, he stopped payment on the check. Cohen testified that he took that action because Alvernas's billing rate was in excess of the labor–cost guidelines that he had established for Pinto to follow in awarding contracts for work similar to that which Alvernas had performed. He testified that although he had authorized Pinto to enter into agreements with contractors to do work at the hotel, Pinto's authority was circumscribed by those guidelines.

Alvernas, after failing to obtain a satisfactory explanation from Cohen for his stopping payment on the check, submitted a new bill to Cohen on June 11 for $1,917.33. Alvernas testified that this higher amount reflected his company's charge of "time and a half" for overtime labor it had performed but for which it had previously charged "straight time" in accordance with the oral agreement. When Cohen refused to pay the new amount, Alvernas instituted this suit.

Pinto's testimony at trial basically corroborated Alvernas's earlier testimony about the terms of their agreement. He testified that he was unaware of the guidelines that Cohen had referred to in his testimony. In fact, he recalled that he had informed Cohen of the hourly rates he had agreed to pay Alvernas under the contract before he hired Alvernas to do work at the hotel.

At the conclusion of the trial the jury returned a verdict in favor of Alvernas for $2,500, and a judgment was entered accordingly. On appeal Cohen has briefed and argued three claims of error for our consideration. His first two contentions require but little discussion, for there are procedural difficulties that preclude our review. Cohen contends first that the jury verdict of $2,500 was grossly excessive, as a matter of law, and that it was unsupported by the evidence presented at trial.

■ These contentions, however, should have been addressed to the trial justice in the form of a motion for a new trial. In support of his latter contention, Cohen in essence argues that the jury should have believed his testimony over the evidence presented by Alvernas. Cohen is thus asking us to pass on the credibility of the testimony and the weight of the evidence. The record indicates that Cohen failed to make a motion for a new trial; he instead chose to appeal directly to this court. As we have previously ruled on many occasions, when a party fails to make a motion for a new trial after a jury verdict and then proceeds to challenge the validity of the verdict by appealing directly to this court, we do not on a cold record pass on the credibility of the testimony or the weight of the evidence. *Brown University v. Laudati*, 113 R.I. 299, 301, 320 A.2d 609, 610 (1974); *Gramolini v. Marzalkowski*, 102 R.I. 85, 88, 228 A.2d 537, 538 (1967). Cohen's failure to move for a new trial precludes our review of the contention he has raised.

■ Cohen's second contention arises in connection with testimony Alvernas presented concerning the District Court de-

fault judgment. He claims that the trial justice's cautionary instruction was insufficient to eliminate that testimony's prejudicial effect on the jury. The record before us indicates, however, that Cohen voiced no objection after the trial justice issued the cautionary instruction. Despite his apparent satisfaction with the instruction at the time it was given, Cohen now asserts that the trial justice should have given the jury more exhaustive and explicit instructions cautioning the jurors not to consider evidence of the earlier default judgment. However, defendant's failure to raise any objections to the sufficiency of the trial justice's cautionary instruction at the time it was given, precludes him from raising the issue for the first time on appeal. *Capezza v. Hertz Equipment Rental Corp.*, 118 R.I. 1, 6, 371 A.2d 269, 272 (1977). *See also Mattos v. Patriarca*, 111 R.I. 475, 478, 304 A.2d 355, 357 (1973); *Romano v. Caldarone*, 78 R.I. 107, 112–13, 79 A.2d 763, 766 (1951).

■ Cohen claims next that the trial justice erred in several instances when he instructed the jury on the principles of law involved in the case. Before discussing the merits of any of his various contentions, we note that Rule 51(b) of the Superior Court Rules of Civil Procedure[1] requires that counsel lodge their objections to the trial justice's charge and inform the trial justice of the grounds for the objections before the jury retires to begin its deliberations of the case. *Seabra v. Puritan Life Insurance Co.*, 117 R.I. 488, 503, 369 A.2d 652, 661 (1977). The purpose of the rule is to afford the trial justice an opportunity to make any necessary corrections in his instructions. *Johnson v. Palange*, R.I., 406 A.2d 360, 366 (1979); *Allen v. D'Ercole Construction Co.*, 104 R.I. 362, 371–72, 244 A.2d 864, 870 (1968). The objection raised by counsel must be specific enough to focus the trial justice's attention on the precise nature of the alleged error. *Johnson v. Palange*, 406 A.2d at 366; *Hoffman v. Sachs*, R.I., 403

A.2d 668 (1979); *Majewski v. Porter*, R.I., 403 A.2d 248, 252 (1979). Though no particular formality is required of counsel in raising an objection, the objector must express himself or herself in such a way as to alert the trial justice to the possible errors in his charge. *Smith Development Corp. v. Bilow Enterprises, Inc.*, 112 R.I. 203, 211, 308 A.2d 477, 482 (1973).

The trial justice, relying on *Salo Landscape & Construction Co. v. Liberty Electric Co.*, R.I., 376 A.2d 1379 (1977), instructed the jurors that if they found that Cohen had breached the original agreement, they could award Alvernas damages based on a quantum meruit theory. He advised that such damages should reflect the fair and reasonable value of materials provided and work performed, including charges for overtime labor.

Following the trial justice's charge, Cohen's counsel made the following objection:

"I would take exception to that portion of the charge in which your Honor read from the case of *Salo Landscape v. Liberty Electric Co.* with regard to the bill which was submitted on June 11, 1976, which is one of the plaintiff's exhibits. My reason for taking exception to that portion of the charge, your Honor, is that I believe that it is confusing to the jury to read that language in the case when, in view of the facts presented, there is no evidence to indicate that the charges for overtime on that bill are the fair and reasonable charges for the services which were actually performed. The evidence, I would submit, your Honor, indicates that there was, in fact, no overtime, and this bill contains charges for overtime."

■ It is not necessary for us to determine whether the trial justice's charge is a correct statement of the law as against all possible grounds for objection but only whether the charge should be sustained in light of the objections Cohen has properly raised in the trial court. We have said that

1. Rule 51(b) of the Superior Court Rules of Civil Procedure provides in pertinent part:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

counsel's objection to jury instructions will not be viewed with an eagle eye as a vehicle for overlooking trial errors. *Seabra v. Puritan Life Insurance Co.*, 117 R.I. at 503–04, 369 A.2d at 661; *Smith Development Corp. v. Bilow Enterprises, Inc.*, 112 R.I. at 211, 308 A.2d at 482.

When we view Cohen's objection in this light, we conclude that the only ground for error that he reasonably brought to the trial justice's attention was that charges for overtime labor could not be considered by the jury in arriving at the fair and reasonable value of the work performed by Alvernas because there was no evidence that overtime labor had been performed. This argument fails for the simple reason that there was sufficient competent testimony and documentary evidence introduced at trial to show that Alvernas did perform overtime labor. On the basis of that evidence, the question of whether Alvernas had performed overtime labor was a proper consideration for the jury. We cannot, therefore, fault the trial justice's charge in this regard.

Cohen on appeal raises several other grounds for error in the trial justice's charge. However, his failure to state those grounds distinctly when he objected to the trial justice's instructions precludes us from now reviewing the merits of his additional contentions.

A similar response must also be given to Cohen's final contention that the trial justice gave incorrect supplementary instructions to the jurors in response to their question concerning the circumstances, if any, in which they could return a verdict for plaintiff in an amount greater than that sought in the complaint. The record indicates, however, that Cohen voiced no objection when those instructions were given. That omission is fatal to the challenge that he now raises on appeal.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.