## AMERICAN EXPRESS TRAVEL RELATED SERVICES

v.

## Walter J. SAVAGE.

### No. 96–477–Appeal.

Supreme Court of Rhode Island.

Feb. 20, 1998.

Gerard M. DeCelles, Smithfield.

Kevin G. McLean, Dedham, MA.

### ORDER

This case concerns a credit cardholder's responsibility for a supplementary cardholder's charges to his account. The defendant, Walter J. Savage, appeals from a Superior Court judgment in favor of the plaintiff, American Express Travel Related Services Company (American Express), in the amount of $6,679.06, including interest and costs. This court ordered the defendant to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the parties' memoranda and considering their oral arguments, we conclude that

---

no cause has been shown and that the appeal should be decided at this time.

The plaintiff filed a complaint in District Court alleging that defendant failed to pay for charges to his credit card account in the amount of $3,355.79. The defendant admits that he has not paid for these charges, but contends that the charges were not incurred with his permission and that his credit card had been stolen. The District Court entered judgment in favor of defendant and plaintiff appealed to the Superior Court. After a trial de novo before a Superior Court justice, sitting without a jury, the trial justice rendered a decision in favor of plaintiff in the full amount requested plus interest. The defendant appeals that judgment to this court.

At trial, each party presented a single witness. The plaintiff called the custodian of its records who testified that defendant, a Basic Cardmember of American Express, requested that a Supplementary Card be issued to an individual named Benjamin Shad (Shad). The effective date of this card's issuance to Shad was October 1990, but it was canceled on November 1, 1990. However, before the cancellation date, Shad's supplemental American Express card had been used for various purchases, including a car rental and airline tickets.

The defendant testified on his own behalf and did not deny that he requested and received from plaintiff an additional Supplementary Card for Shad to use. In fact, defendant explained that after he received a promotional solicitation from American Express for supplementary cardholders, he had Shad sign the application for the additional card, which he then forwarded to American Express. However, defendant stated that he never gave that card to Shad but instead kept it in his briefcase at his Providence apartment. The defendant further stated that the credit card remained there when he left for an out-of-state vacation in the latter part of October 1990, and that he never authorized Shad or anyone else to use it. The defendant also testified that he called his home a few days after arriving at his first destination (Phoenix, Arizona), approximating the date of this phone call to be October 27, 1990. At that time, he learned that Shad had left Providence. Because he knew that Shad had little money, defendant called

American Express and canceled the Supplementary Card. He stated that he did not know whether Shad had used the card, but that Shad was a friend who had been staying with him, and had keys and access to his entire apartment. When queried by his own attorney as to whether Shad had stolen the card, defendant answered that it was "only an assumption on my part * * * I haven't had any contact with him [since he left in October, 1990] so I don't know that it was he that in fact took the card."

The defendant further testified that he first learned of the charges made on the Supplementary Card when he received his American Express card statement in late November 1990. He then contacted American Express by telephone, and was initially told that the charges would be removed, but was later informed that they would not be.

The trial justice concluded that defendant was responsible for the charges incurred prior to the time he canceled the card. In his decision, the trial justice gave significant weight to the agreement between the cardholder and American Express (cardholder agreement) that, according to plaintiff's custodian, is enclosed with every card that is issued by American Express but which is not customarily signed by the cardholder. That agreement provides that by signing, using, or accepting the card, the cardholder agrees to the terms set forth in the agreement. As to liability for charges, the agreement states, "The Basic Cardmember is liable to us for all Charges on the account, including those made in connection with the Basic Card and those made in connection with any Supplementary Cards." The trial justice made a finding of fact that the card had been canceled on November 1, 1990 and that Shad most likely used the card until he was prevented from doing so after the cancellation date. The trial justice also concluded that the pre-cancellation charges on Shad's Supplementary Card were the defendant's responsibility because he was the Basic Cardmember.

The sole issue raised by defendant on appeal is the significance of defendant having never received and having never signed an agreement with American Express. As a

result, he claims that the statement in the cardholder agreement referred to by the trial justice is not a valid and enforceable agreement. However, this assertion contradicts the testimony of plaintiff's custodian of records, who stated that the cardholder agreement is enclosed with every card that is issued and that the cardholder does not customarily sign the agreement. In addition, as quoted by the trial justice in his decision, a portion of the cardholder agreement states that the cardholder, by signing, *using* or *accepting* the card, agrees to the standard terms of plaintiffs cardholder agreement. Moreover, the question of whether defendant received this agreement from plaintiff was not raised during the Superior Court trial. Indeed, defendant's testimony contains no reference to any failure by plaintiff to deliver a copy of the cardholder agreement to defendant. Based upon this evidence, we are persuaded that the trial justice properly referred to and relied upon the agreement and properly enforced it according to its terms.

It is well settled that the findings of fact of a trial justice sitting without a jury are given great deference by this court. Such findings will not be disturbed on appeal unless the trial justice overlooked or misconceived relevant and material evidence or was otherwise clearly wrong. *Laverty v. Pearlman*, 654 A.2d 696, 704–05 (R.I.1995). In the present case, the defendant admitted that he had requested a Supplementary Card for Shad. Moreover, his testimony that Shad signed an application for the Supplementary Card reveals that Shad was aware that a supplemental card on defendant's American Express account was being issued on his behalf. The defendant also conceded that Shad had access to that card and that, when he learned that Shad had left town, the defendant became suspicious and canceled the card as a precautionary measure. Given the terms of the cardholder's agreement pursuant to which a recipient's acceptance and use of the card signifies an agreement to pay for any charges, the above-recited evidence supports the trial justice's finding that the defendant was responsible for the charges made using Shad's card prior to its cancellation.

Accordingly, we conclude that the trial justice did not err in rendering judgment in favor of the plaintiff. The defendant's appeal is dismissed and the judgment for the plaintiff is affirmed.

BOURCIER, J., did not participate.