Geraldine MILLS, M.D.

v.

Gloria NAHABEDIAN.

No. 2002–416–Appeal.

Supreme Court of Rhode Island.

June 11, 2003.

See also *Mills v. State Sales, Inc.*, 824 A.2d 461, 2003 WL 21312636 (R.I., filed June 10, 2003).

Geraldine Mills (pro se), Plaintiff.

James S. D'Ambra, John W. Kershaw, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, Geraldine Mills, M.D. (plaintiff), appeals *pro se* from a jury verdict in favor of the defendant-landlord, Gloria Nahabedian (defendant), in this constructive eviction case. This case came before the Supreme Court for oral argument on April 9, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the parties' arguments and examining their memoranda, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time.

## I

### Facts and Travel

The plaintiff is a pediatrician who maintained her practice in a first-floor office she rented from defendant. In March 1996, water leaked into her office damaging the carpeting. The defendant replaced the carpet on July 16. According to plaintiff, the replacement carpet emitted toxic fumes and foul odors that caused her and her patients to become ill. The plaintiff contacted defendant to inform her of the alleged problems with the carpet, but she said that defendant failed to correct the situation. As a result of the alleged noxious fumes and odors, plaintiff asserts that she was forced to vacate the office on August 9, 1996. On May 8, 1997, plaintiff filed the instant action against defendant for constructive eviction. Thereafter, on July 14, 1999, plaintiff initiated a separate

action against defendant, the carpet manufacturer and the carpet installer seeking compensation for personal injuries she allegedly suffered because of the carpet's supposed toxic emissions. *Mills v. State Sales, Inc.*, 824 A.2d 461, 2003 WL 21312636 (R.I., filed June 10, 2003). The plaintiff's personal injury and constructive eviction cases were consolidated in February 2000.

The facts leading up to trial are fully set forth in *Mills v. State Sales, Inc.*, and need not be reiterated at length here. In that opinion, we affirmed the trial justice's ruling excluding plaintiff's experts' testimony because their opinions were not based on scientifically valid methods or theories. Because expert testimony was required to establish a causal connection between plaintiff's alleged injuries and the carpet, judgment was entered in favor of the defendants in plaintiff's personal injury case on September 6, 2001. *See id.* However, her constructive eviction case proceeded to trial.

Before trial, plaintiff's legal counsel, Judith Scott and Robert Scott (collectively referred to as "the Scotts"), filed a motion to withdraw from representing plaintiff in the matter. That motion was granted and plaintiff appeared *pro se* at trial beginning on April 10, 2002. After hearing four days of testimony, the jury returned a verdict in favor of defendant. The plaintiff timely appealed.

## II

## Discussion

■ First, plaintiff contends that the trial justice erred by not granting her a continuance after the Scotts withdrew shortly before trial. According to plaintiff, the trial justice's refusal to continue the matter effectively forced her to represent herself. However, the record indicates that plaintiff never requested a continuance after the Scotts withdrew. This Court will not entertain an issue raised for the first time on appeal. *Ridgewood Homeowners Association v. Mignacca*, 813 A.2d 965, 977 (R.I.2003). Accordingly, plaintiff waived her right to challenge the trial justice's management of the trial calendar.

Next, plaintiff challenges the propriety of the jury's verdict. Essentially, she contends that the jury should have accepted her argument that defendant constructively evicted her by failing to replace the malodorous carpet. Thus, plaintiff is asking this Court to pass on the weight of the evidence and the credibility of the witnesses. The record reveals, however, that plaintiff failed to request a new trial after the jury returned its verdict. "[W]hen a party fails to make a motion for a new trial after a jury verdict and then proceeds to challenge the validity of the verdict by appealing directly to this [C]ourt, we do not on a cold record pass on the credibility of the testimony or the weight of the evidence." *A.R. Alvernas, Inc. v. Cohen*, 420 A.2d 78, 80 (R.I.1980). Consequently, the plaintiff's failure to move for a new trial precludes us from assessing the validity of the verdict.

■ The plaintiff also challenges several of the trial justice's evidentiary rulings. "'[T]he admission of evidence rests in the sound discretion of the trial justice and will not be disturbed absent a showing of an abuse of that discretion.'" *Graff v. Motta*, 748 A.2d 249, 252 (R.I.2000).

■ The plaintiff's first evidentiary challenge relates to the trial justice's exclusion of a letter defendant sent to plaintiff demanding back rent. The trial justice excluded the letter concluding that back rent was not at issue in the case and thus, the letter was irrelevant. Relevant evidence is "evidence having any tendency to

make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." R.I. R. Evid. 401.

■ The plaintiff claimed constructive eviction. To prevail on a claim for constructive eviction, a tenant "must show that actions performed by the landlord or someone acting in his behalf were done with the intent of depriving the tenant of the use and enjoyment of the demised premises either in whole or part." *Frederick Realty Corp. v. General Oil Co.,* 105 R.I. 56, 59, 249 A.2d 418, 420 (1969). The landlord's interference must be of a "grave and permanent" nature. *See id.* Here, the success of plaintiff's case depended on her ability to establish that the carpet odor permanently deprived her of the use and enjoyment of the premises. She never asserted that defendant's demand for rent or other similar acts caused her to vacate the premises. Further, defendant did not file a counterclaim against plaintiff seeking back rent in this case. Accordingly, a letter demanding back rent would not help prove or disprove any factual issues in the case, and the trial justice properly exercised her discretion by excluding it.

■ Additionally, plaintiff argues that the trial justice erred by limiting the number of witnesses that could testify on her behalf. A trial justice properly may exclude evidence "if its probative value is substantially outweighed by the * * * needless presentation of cumulative evidence." R.I. R. Evid. 403. To that end, a trial justice may limit the number of witnesses testifying to a purported fact as long as the limitation does not deprive the proponent of a material right. *See State v. Thornton,* 800 A.2d 1016, 1040 (R.I.2002); *Campbell v. Campbell,* 30 R.I. 63, 67, 73 A. 354, 356 (1909). Before trial, the trial justice ruled that plaintiff could choose five

witnesses to testify about the odor in her office. There is no evidence to indicate that the success of her case depended on her ability to present a sixth or additional witness to testify. The plaintiff was free to pick the witnesses that could best support her position. Because the testimony of additional witnesses would have been cumulative, plaintiff was not deprived of a material right, and we perceive no error in the trial justice's limitation of the number of witnesses that could testify about the odor.

Next, plaintiff challenges the trial justice's exclusion of her experts' testimony in the *Daubert* hearing. Based on her exclusion of plaintiff's experts, the trial justice concluded that plaintiff could not establish a causal relationship between the carpet and any personal injuries that she may have suffered. We already have reviewed and affirmed the trial justice's ruling on that issue and thus, we need not address it here. *See Mills v. State Sales, Inc.,* 824 A.2d 461, 2003 WL 21312636 (R.I., filed June 10, 2003).

■ Because plaintiff was unable to establish a causal relationship between the carpet and her physical injuries, the trial justice prohibited plaintiff's witnesses from mentioning toxins or making reference to the Department of Environmental Management. She further prohibited plaintiff's witnesses from mentioning any injuries they allegedly suffered from exposure to any emissions from the carpet. In light of plaintiff's inability to establish a causal connection between the carpet and any physical injuries, the trial justice properly limited the testimony as she did.

■ The plaintiff also argues that the trial justice erred in refusing to permit plaintiff to present evidence of financial losses resulting from the alleged constructive eviction. Because the jury found in

defendant's favor, however, any evidence of damages is of no significance.

 At oral argument, plaintiff additionally asserted that the trial justice erred by admitting a document showing that she had been suspended from the practice of medicine. However, plaintiff failed to object to the document when it was admitted. Thus, she has waived any challenge to the propriety of that evidence. *See Ridgewood Homeowners Association,* 813 A.2d at 977.

Finally, the plaintiff alleges that the trial justice demonstrated prejudice against her throughout the trial. We previously have held that, in order to affirmatively establish a trial justice's personal bias or prejudice against a litigant, that party must show that such bias or prejudice is because of a "preconceived or settled opinion of a character calculated to impair [her] impartiality seriously and sway [her] judgment." *Cavanagh v. Cavanagh,* 118 R.I. 608, 621, 375 A.2d 911, 917 (1977). Mere criticism is not sufficient. *Id.* at 622, 375 A.2d at 918. After reviewing the record, we conclude that the plaintiff has not met her burden. All the trial justice's rulings throughout the proceedings were well-reasoned, supported by the facts, and in accordance with the law. Although it is true that the trial justice commented that plaintiff did not present her case in a way that "a good attorney would have" and that she, acting *pro se,* "did [not] have very good representation," those criticisms are insufficient to establish bias. *See id.*

### Conclusion

For the reasons set forth herein, the plaintiff's appeal is denied and dismissed. We affirm the judgment of the Superior Court. The papers in the case may be returned to the Superior Court.

Justice FLAHERTY did not participate.