**JALEX BUILDERS, INC.**

v.

**Janet F. MONAGHAN.**

**No. 2003–59–Appeal.**

Supreme Court of Rhode Island.

Jan. 29, 2004.

Mark A. McSally, for Plaintiff.

James Moretti, Cranston, for Defendant.

Present: WILLIAMS, C.J.,
FLANDERS, GOLDBERG, FLAHERTY
and SUTTELL, JJ.

## OPINION

PER CURIAM.

After a nonjury trial, the plaintiff, Jalex Builders, Inc. (plaintiff), appeals from a judgment in favor of the defendant, Janet F. Monaghan (defendant). This case came before the Supreme Court for oral argument on October 29, 2003 pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and proceed to decide the appeal at this time. We affirm the judgment of the Superior Court.

## I

### Facts and Travel

This dispute arises from a contract calling for plaintiff to construct a single-family dwelling for defendant in the town of Jamestown. The defendant was to pay plaintiff $155,503, plus the cost of any "extras."[1] The defendant, however, was dissatisfied with plaintiff's work and, therefore, withheld her final payment of $14,217.83 due under the contract. The plaintiff thereafter filed an action against defendant for breach of contract. The defendant counterclaimed for defective workmanship, and the case went to a jury-waived trial before the Superior Court.

The trial justice found that plaintiff was entitled to recover for work performed under the contract, including "extras," in the amount of $38,567.08. The trial justice, however, also found that certain aspects of plaintiff's work were defective, and that the damages resulting from this totaled $58,730. Offsetting those amounts against each other, the trial justice entered judgment of $20,162.92 for defendant, plus prejudgment interest. The plaintiff ap-

---

1. In his decision, the trial justice notes that "many small extras * * * were added to the project." According to plaintiff, defendant requested these items, which were not included in the contract. Thus, plaintiff claimed that defendant owed money for these "extras" in addition to what defendant already owed under the construction contract. The trial justice does not describe these "extras."

peals, arguing that the trial justice erred in finding his work defective and in calculating the damages.

## II

### Failure to Move for New Trial

■ The defendant argues that the trial justice's determinations of credibility and factual findings are not reviewable on appeal because plaintiff failed to move for a new trial. To support this argument, defendant cites *Gramolini v. Marzalkowski*, 102 R.I. 85, 88, 228 A.2d 537, 538 (1967) and *A.R. Alvernas, Inc. v. Cohen*, 420 A.2d 78, 80 (R.I.1980). Both those cases hold that "when a party fails to [file] a motion for a new trial after a jury verdict and then proceeds to challenge the validity of the verdict by appealing directly to this [C]ourt, we do not * * * pass on the credibility of the testimony or the weight of the evidence." *A.R. Alvernas, Inc.*, 420 A.2d at 80; *see also Gramolini*, 102 R.I. at 88, 228 A.2d at 538. The trials in both of these cases, however, were jury trials. In a jury trial, the jury, rather than the trial justice, passes on credibility and makes findings of fact; therefore, a motion for a new trial gives the trial justice his or her only opportunity to make such determinations. *State v. Werner*, 831 A.2d 183, 205 (R.I.2003). Conversely, a justice in a nonjury trial does make determinations of credibility and findings of fact. *Bogosian v. Bederman*, 823 A.2d 1117, 1120 (R.I. 2003). As a result, a motion for a new trial is not necessary to give the trial justice an opportunity to make such findings. Gramolini and Alvernas are, therefore, inapplicable here.

■ Moreover, in a nonjury trial a motion for a new trial is limited to the grounds of newly discovered evidence or manifest errors of law. *Bernier v. Lombardi*, 793 A.2d 201, 202 (R.I.2002) (per

curiam). Neither party alleges that any new evidence has been discovered or that manifest errors of law have been committed; thus, plaintiff had no basis for filing such a motion. Consequently, the fact that plaintiff did not file a motion for a new trial does not bar a challenge to the trial justice's determinations of credibility and findings of fact.

## III

### Findings of the Trial Justice

■ "It is well settled that the findings of fact of a trial justice sitting without a jury are given great deference by this [C]ourt." *American Express Travel Related Services v. Savage*, 706 A.2d 1345, 1347 (R.I.1998) (mem.). "[I]t is not the function of this [C]ourt to weigh the credibility of the witnesses." *Bogosian*, 823 A.2d at 1120 (quoting *State v. Sparks*, 667 A.2d 1250, 1251 (R.I.1995) (per curiam)). Moreover, we "will not disturb a trial justice's findings of fact [or] credibility determinations unless [the trial justice] overlooked or misconceived material evidence or was otherwise clearly wrong." *Zaino v. Zaino*, 818 A.2d 630, 638 (R.I.2003).

■ The plaintiff asserts that the trial justice "misconceived or overlooked material evidence" when he found that the front and back porch and an I-beam were not constructed in a workmanlike manner. Specifically, the trial justice found (1) the front and back porches lacked support and sloped because of the absence of a support beam, and (2) two-by-four inch beams should have been installed next to and underneath an I-beam in defendant's home. In making this determination, the trial justice relied on the expert testimony of defendant's witness, Gary Johnson (Johnson), a qualified professional builder. Johnson testified that, based on his inspection of the front and back porches, the

porches sloped because of the lack of a support beam. Craig Carrigan (Carrigan), an engineer who testified as an expert witness for plaintiff, said that based on his review of the building plans for defendant's home, the missing beam was not necessary to meet the building code. With respect to the suspect I-beam, Johnson explained that because the I-beam supported a bearing wall, it should be reinforced with two-by-four inch beams. According to plaintiff, Carrigan's testimony reveals that two-by-four inch beams were not needed because the I-beam is "not a bearing beam."

The plaintiff contends that the trial justice ignored Carrigan's testimony and, therefore, "overlooked or misconceived material evidence." *Zaino*, 818 A.2d at 638. The trial justice, however, was presented with conflicting testimony, and chose to accept Johnson's testimony over Carrigan's. The trial justice was entitled to determine the credibility of the witnesses. *See Harris v. Town of Lincoln*, 668 A.2d 321, 326 (R.I.1995). Based on this Court's review of the trial record, the trial justice heard and fully considered both Johnson and Carrigan's testimony. We therefore affirm his decision to accept Johnson's testimony over Carrigan's.

■ The plaintiff does not contest the trial justice's findings that vinyl siding, an asphalt driveway coating, kitchen countertops, a toilet, and a "Peach Tree" brand front door were not installed or constructed in a workmanlike manner. The plaintiff does, however, argue that the trial justice failed to consider all the evidence before him when computing damages resulting from this defective workmanship. The plaintiff asserts that a large portion of the improperly installed vinyl siding could have been reused. Similarly, although defendant's driveway lacked its final coat of asphalt, the final coat of asphalt could not

have been applied until spring of 1998, by which time this dispute had arisen. Further, while defendant had to repair and replace kitchen countertops, plaintiff says that it already had ordered at least one of the countertops. Likewise, although a "Kohler" brand toilet never was installed as per the building contract, the toilet had been delivered. Finally, the "Peach Tree" brand door specified in the building contract was not installed. The plaintiff asserts, however, that during construction defendant was advised that the supplier could not deliver the "Peach Tree" door and that defendant subsequently selected the door that was installed. According to plaintiff, the trial justice erroneously failed to give a credit for the value of the reusable vinyl siding, the final coat of asphalt, the preordered countertops, the toilet and the door when awarding damages for defective workmanship. None of this, however, changes the fact that defendant did not get the home she contracted for. The trial justice calculated damages to compensate defendant for the considerable expense of correcting the defective items.

■ Because of the great deference due a trial justice's findings of fact in a nonjury trial, we will not disturb the court's findings unless "the [trial justice] overlooked or misconceived material evidence or was otherwise clearly wrong." *Zaino*, 818 A.2d at 638. A review of the trial record indicates that the trial justice considered all the evidence presented when calculating the damages resulting from defective workmanship on the above items. We conclude, therefore, that the trial justice did not err in calculating the damages award.

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The

record shall be remanded to the Superior Court.